**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LILLIAM GONZALEZ-CAMACHO, et al. | |
| Plaintiff(s), | |
| v. | Civil No. 17-1448 (DRD) |
| BANCO POPULAR DE PUERTO RICO, et al., | |
| Defendant(s). | |

## <u>OMNIBUS OPINION AND ORDER</u>

Pending before the Court are twelve (1) Motions to Dismiss and one (1) separate Motion to Joinder: (1) *Defendant Banco Popular's Motion to Dismiss the Complaint* (Docket No. 96); (2) *Defendant Scotiabank's Motion to Dismiss under Rules 12(b)(6)* (Docket No. 99); (3) *Firstbank's Motion to Dismiss Amended Complaint* (Docket No. 103); (4) *Motion to Dismiss First Amended Complaint by Defendants Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC* (Docket No. 104); (5) *Santander Motion to Dismiss First Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants* (Docket No. 107); (6) *Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction by Defendant Wells Fargo & Co.* (Docket No. 108); (7) Roosevelt REO PR. Corp., Roosevelt Cayman Asset Company II and Rushmore Loan Management Services' *Motion to Dismiss First Amended Complaint* (Docket No. 110); (8) RNMP, LLC and TRM, LLC's *Motion to Dismiss First Amended Complaint and Joinder to Motions to Dismiss by Banco Popular and Lime Residential* (Docket No. 113); (9) *James B. Nutter & Company and Federal National Mortgage Association's Motion to Dismiss and/or Strike, or Stay Plaintiffs' First Amended Complaint* (Docket No. 114); (10) *James B. Nutter &*

*Company and Federal National Mortgage Association's Motion to Join Defendants Oriental Bank Puerto Rico and Banco Popular Puerto Rico's Motion to Dismiss* (Docket No. 115); (11) *Defendant Lime Residential, LTD.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 5)* (Docket No. 119); (12) *Freddie's Amended Motion to Dismiss the Amended Complaint* (Docket No. 131), and (13) Operating Partners Co., LLC's *Motion to Dismiss the Amended Complaint* (Docket No. 132). For the reasons set forth below, the aforementioned Motions to Dismiss and the Motion to Joinder (Docket Nos. 96, 99, 103, 104, 107, 108, 110, 113, 114, 115, 119, 131 and 132) are hereby **GRANTED**.

## I.     FACTUAL BACKGROUND

At the outset, the Court notes that Plaintiffs' pleadings included in *the First Amended Complaint* filed under Docket No. 5 are unclear, very broad and often convoluted and/or of difficult understanding. As a result, this Court has undertaken a maximum of effort to fully comprehend Plaintiffs' allegations and will convey them in a general manner.

Plaintiffs brought a class action suit on behalf of themselves and Class Members who either have been subject to illegitimate foreclosures or sought modifications of payment on their individual mortgage loans through their mortgage servicers of Defendants. Plaintiffs contacted Defendants in an attempt to reduce their loan payments due to a reduction of job hours which affected their payment capacity. *See* Docket No. 5 at 6. The Defendants allegedly explained to Plaintiffs that they would submit Plaintiffs to a loss mitigation process which would make Plaintiffs eligible to make reduced monthly payments during a three-month trial period. *See* Docket No. 5 at 7. Plaintiffs allege they complied with the reduced payments but were still harassed by Defendants for delinquency of their payments. Plaintiffs assert that their rights under the Home Affordable Modification Program (HAMP) were not acknowledged. The HAMP

program provided a mechanism to stay any foreclosure proceedings and help Plaintiffs fulfill the promise of smaller loan payments. *Id.* Plaintiffs thus claim that Defendants' failure to honor the HAMP program provisions left them "financially devastated." Docket No. 5 at 8.

All Plaintiffs are residents of Puerto Rico with real estate property holdings in Puerto Rico. *See* Docket No. 5 at 4.[1] The unknown Plaintiffs, and the Class Members which they represent, are likewise described in very broad terms as any person who has real estate in Puerto Rico and whose real estate is encumbered by a mortgage loan serviced by any of the Defendants in the instant case. The Class Members also include mortgagors who have complied with their obligations under the loan modification programs and have not received any of the benefits of the alleged modifications. *See* Docket No. 5 at 8. Defendants, on the other hand, are banks or mortgage loan servicers committed to providing mortgage loans to qualified individuals in Puerto Rico. *Id.* Unknown Defendants, on the other hand, are considered any bank, financial institution or mortgage loan servicers devoted to providing mortgage loans to qualified individuals with offices, branches and subsidiaries in Puerto Rico which can be liable for actions alleged in the Complaint.

The Plaintiffs alleged individual claims related to mortgage loan transactions with one or more of the Defendants. The Complaint, however, fails to specify which financial institution, i.e. which Defendant, financed which loan and/or were designated to provide services under federal laws, the Real Estate Settlement Procedures Act ("RESPA"), Home Affordable Modification Program ("HAMP"), Truth in Lending Act ("TILA"), and Home Affordable Refinance Program ("HARP"). The Plaintiffs instead seem to believe that their individual claims revolve around similar issues and can be addressed under one Complaint.

---

[1] The Court notes that the Complaint does not refer to any of the Plaintiffs by name, not even the first named plaintiff, Lilliam Gonzalez Camacho. Moreover, the Complaint fails to name any Defendants in their individual capacities throughout the document.

## II.    LEGAL STANDARDS

### A.  FED R. CIV. P. 12(B)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),[2] a case may be dismissed for lack of subject-matter jurisdiction. Moreover, a failure to state a claim upon which relief can be granted may be dismissed under Rule 12(b)(6).

The standard of review under subsection 12(b)(1) lack of subject matter jurisdiction is "similar to that accorded a dismissal for failure to state a claim" under subsection 12(b)(6). *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). However, "[w]hile the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). These materials may include "affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernández Molinary, et als. v. Industrias La Famosa, Inc., et als.*, 203 F. Supp. 2d 111, 114-115 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).

In a jurisdictional challenge by a defendant, the burden of proving jurisdiction is on the plaintiff. *Rolón v. Rafael Rosario & Associates, Inc., et al.*, 450 F. Supp. 2d 153, 153 (D.P.R. 2006); *see also*, *Mercado Arocho v. United States,* 455 F. Supp.2d 15, 17 (D.P.R. 2006)("Plaintiff shall meet the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.")(internal citations and quotations omitted). Moreover, a dismissal pursuant to a Rule12(b)(1), as a direct challenge to federal subject matter jurisdiction, also includes sovereign immunity, mootness, ripeness, and subject matter jurisdiction. *See Valentin v. Hospital Bella Vista*, 254 F.3d, 358, 362-363 (1st Cir. 2001). Federal courts "are courts of limited jurisdiction,

---

[2] "Rule" refers to Federal Rules of Civil Procedure unless otherwise identified.

and therefore must be certain that they have explicit authority to decide a case." *Bonas v. Town of North Smithfield*, 265 F.3d 69, 75 (1st Cir. 2001)(internal citations omitted).

### B.  FED R. CIV. P. 12(B)(2)

Pursuant to Fed. R. Civ. P. 12(b)(2) "Rule 12(b)(2)", a defendant may move to dismiss a complaint for lack of personal jurisdiction. Where the Court refrains from holding an evidentiary hearing, the Court applies the "prima facie" standard. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618-19 (1st Cir. 2001)(internal citations omitted); *see generally*, *International Trading Partners, Inc. v. Cobra Scooters, LLC*, 403 F. Supp.2d 180, 183 (D.P.R. 2005).

Pursuant to the "prima facie" standard, the plaintiff is responsible for establishing that the Court has personal jurisdiction over the defendants. *See Swiss Am. Bank,* 274 F. 3d at 618. However, to persuade, the plaintiff may not rely solely on the pleadings. *See Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007)(internal citations omitted). Rather, the plaintiff must submit properly supported facts and "make affirmative proof." *Id.* In essence, the "inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Bluetrap Financial, Inc. v. Matrix Const. Co., Inc.*, 709 F. 3d 72 (1st Cir. 2013)(quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)). The plaintiff's evidence is thus assumed to be accurate and it is viewed in the light most favorable to the plaintiff. *See Astro-Med, Inc. V. Nihon Kohden Am., Inc*, 591 F.3d 1, 8 (1st Cir. 2009)(internal citations omitted). Finally, a defendant's evidence is only relevant to the extent that it is uncontested by the plaintiff. *Id.*

### C.  FED R. CIV. P. 12(B)(4)

Pursuant to Fed. R. Civ. P. 12(b)(4) "Rule 12(b)(4)", a party is allowed "to assert a defense of insufficient process or insufficient service of process. These defenses may be waived if not

timely asserted." *Brown v. Sedgwick Claims Management Services, Inc.*, 2016 WL 4273193, at *2 (D. P.R. 2016) (citing *Williams v. Jones*, 11 F. 3d 247, 251 (1st Cir. 1993)). Generally, a court lacks jurisdiction over a certain defendant if there has been insufficient service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). This Rule 12(b)(4) is crucial, as the Supreme Court of the United States of America explained in *Murphy Bros., Inc.*, "[b]efore a … court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* at 350 (internal quotations omitted).

Further, a motion under Rule 12(b)(4), and its partner Rule, Fed. R. Civ. P. 12(b)(5) "Rule (12)(b)(5), "differ from other motions brought before the court pursuant to Rule 12(b), in that they provide the district court a course of action – other than simply dismissing the case – when the defendant's defense or objection is sustained." *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* §1354 (3ed. 2017). When a defendant therefore challenges service of process, the burden changes to the plaintiff to prove that service was adequate. *See Blair v. City of Worcester*, 522 F. 3d 105, 111 (1st Cir. 2008) ("once challenged, plaintiffs have the burden of proving proper service") (quoting *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887(1st Cir. 1992)(internal citations omitted).

### D.  FED R. CIV. P. 12(B)(6)

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] **more than labels and conclusions**." *See Ocasio-Hernandez v. Fortuño-*

*Burset*, 640 F.3d 1, 12 (1st Cir. 2011)(emphasis ours)("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted).   Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a).  *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action.  *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements).  First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action.  *Iqbal*, 556 U.S. at 678.  "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief."  *Iqbal*, 556 U.S. 679.  This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide

whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567). "**A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action**." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679)(emphasis ours)

However, a complaint that rests on "**bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss**. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)(emphasis ours). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation.").

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 n. 6 (2012)(emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

The First Circuit recently outlined two further considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot

reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### E.  FED R. CIV. P. 8(a)

Federal Rule of Civil Procedure 8(a), "Rule 8(a)" provides the following:

**(a) Claim for Relief. A pleading that states a claim for relief must contain:**
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

In particular, Rule 8(a)(2) requires that plaintiffs provide a short statement of the claim "showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2) as stated before. Under *Twombly*, a plaintiff must hence "provide the grounds of his entitlement [with] more than labels and conclusions." *Twombly*, 550 U.S. at 545; *see also*, *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d at 12  ("in order to ' 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must present allegations that "nudge [his] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *see e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The United States Court of Appeals for the First Circuit ("First Circuit") explained in *Sepulveda-Villarini v. Department of Educ. of Puerto Rico*, 628 F.3d at 29 (quoting *Iqbal*, 556 U.S. at 678) that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … [It] is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility." In this "plausibility" inquiry, the Court utilizes the "context-based" two-step process established by *Twombly* and *Iqbal*. "Context based" suggests that a plaintiff must allege sufficient facts that comply with the elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679. The Court must first "accept as true all of the allegations … in a complaint[,]" and discard legal conclusions and conclusory statements. *Id.* at 678.

As stated *supra*, under the second step, the Court must then determine whether the remaining assertions in the complaint "[state] a plausible claim for relief." *Iqbal*, 556 U.S. at 679. The second step requires that the Court draw from its own "judicial experience and common sense" to determine whether a plaintiff has surpassed his burden of proof, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.; see also*, *García-Catalán v. United States,* 734 F.3d 100, 103 (1st Cir. 2013). Hence, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also* at pages 8-10 of this Opinion other citations established by the Circuit Court.

### F.   FED R. CIV. P. 8(d)(1)

Federal Rule of Civil Procedure 8(d)(1), "Rule 8(d)(1)" provides the following:

**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**
**(1) *In General.*** Each allegation must be simple, concise, and direct. No technical form is required.

The Court notes that Rule 8(d)(1) actively restricts the pleadings. Most notably, the Rule "restrict[s] the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial". *Hickman v. Taylor*, 329 U.S. 495, 501 (1947); *see also Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233 (E.D.N.Y. 1999) ("The complaint should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims

are and to allow defendant to respond."). Recently, the Court has reiterated this doctrine in *Finance of America Reverse, LLC v. Gonzalez*, 2017 WL 4772414, at \*3 (D. P.R. 2017) and *Rivera-Marrero v. Presbyterian Community Hospital*, 255 F. Supp. 3d 290, 295 (D. P.R. 2017).

Further, while the First Circuit has not expressly ruled on the scope of Rule 8(d)(1), other circuits such as the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") have affirmed dismissal for failure to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)("[T]he complaint … is argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information."). By the same token, the United States Court of Appeals for the Third Circuit ("Third Circuit") stated in *Adderly v. Stofko*, 646 Fed. Appx. 138, 141 (3rd Cir. 2016) (quoting *Glover v. F.D.I.C.*, 698 F.3d 139, 147) (3rd Cir. 2012) that:

> **A complaint must " 'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim."** Adderly's complaint does not meet that standard, and Adderly refused to amend his complaint to correct that deficiency even when presented with multiple opportunities to do so. (Emphasis ours).

### G. FED R. CIV. P. 9(b)

Federal Rule of Civil Procedure 9(b), "Rule 9(b)" provides the following:

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

In order to satisfy Rule 9(b)'s particularity requirement, a plaintiff must ensure to "go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud." *Caro-Bonet v. Lotus Management, LLC*, 195 F. Supp. 3d 428, 433 (D.P.R. 2016) (quoting *Cordero–Hernandez v. Hernandez–Ballesteros*, 449 F.3d 240,

244 (1st Cir. 2006)). The First Circuit has further reinforced that Rule 9(b) has the principle "purposes of '[giving] notice to defendants of the plaintiffs' claim, [protecting] defendants whose reputation may be harmed by meritless claims of fraud, [discouraging] 'strike suits,' and [preventing] the filing of suits that simply hope to uncover relevant information during discovery.' " *United States ex. Rel. Nargol v. DePuy Orthopedics, Inc.*, 865 F.3d 29, 38 (1st Cir. 2017) (internal quotations omitted).

The First Circuit has further detailed the specificity required by Rule (9)(b). *See*, e.g., *Greebel v. FTP Software, Inc.,* 194 F.3d 185, 193 (1st Cir.1999) (citing *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir. 1980)) ("This circuit has interpreted Rule 9(b) to require 'specification of the time, place, and content of an alleged false representation.' Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint."). Finally, in *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013), the First Circuit held that although the Plaintiff's complaint "includes a … recitation of the elements of fraud, she does not indicate when, where, and how often … .She also fails to state the specific nature of the resulting harm, indicating only that it was … monetary. …This vague pleading falls short of Rule 9(b)'s particularity requirement."

### H. FED R. CIV. P. 10(b)

Federal Rule of Civil Procedure 10(b), "Rule 10(b)" provides in the relevant part:

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

The First Circuit has yet to express the limits of Rule 10(b) within its jurisdiction, as such federal courts rely on the interpretations of the other circuit courts in our judicial system. We note, for example, that complaints which violate Rule 10(b), and its partner rule in many complaints, Rule 8(a)(2), tend to be negatively referred to as "shotgun pleadings." *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Because of this negative connotation, circuit courts have attempted to define the scope of these aforementioned Rules. This scope was first articulated in *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985), wherein the United States Court of Appeals for the Eleventh Circuit explained that these Rules:

> [R]equire the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the letter, if not the spirit, of these rules.

*Id.*, at 1543 n. 14.

These so-called "shotgun pleadings," therefore, fail to provide the defendants with sufficient notice as to the claims against them. Further, the Eleventh Circuit has stated that a shotgun pleading "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts ... and is the type of complaint that we have criticized time and time again." *Litman v. Secretary, of the Navy*, 2017 WL 3027584, at *2 (11th Cir. 2017)(quoting *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

The United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") has likewise reiterated that a complaint is "subject to dismissal under [Rule 10(b)]…if it is unduly long or if it is unintelligible." *John H. Davis, et al. v. Jeanne W. Anderson, et al.*, 2017 WL

5988472, at *2 (7th Cir. 2017) (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)). Other Seventh Circuit cases have also applied the same rationale. *See e.g., Cincinnati Life Ins. Co v. Beyrer*, 722 F.3d 939, 496 (7th Cir. 2013) (wherein the Seventh Circuit confirmed the district court's ruling which dismissed the appellant's first and second claims, despite him being given numerous occasions to revise the complaint, because "it is difficult to see how [appellant's first two claims] comply with Rule 10(b), either in technicality or in spirit."); *see also*, *Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004)(wherein the court of appeals dismissed a complaint with prejudice because plaintiff failed to comply with Rule 10(b) after being given four opportunities and two years to amend his complaint.)

## I. FED R. CIV. P. 20

Federal Rule of Civil Procedure 20, and in particular its subsection 20(a)(1)(A), (collectively "Rule 20"), provides the following:

### i. FED. R. CIV. P. 20(a)(1)(A)

**(a) Persons Who May Join or Be Joined.**
> **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:
>> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all plaintiffs will arise in the action.
>
> **(2)** *Defendants.* Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all defendants will arise in the action.
>
> **(3)** *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

**(b) Protective Measures.** The court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Rule 20's application is of limited nature. The purpose of Rule 20, and in particular Rule 20(a)(1)(A), is to allow the joinder in a single action of a party asserting, or defending, a joinder or other associated severance right to relief. It aims to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Wright & Miller*, *supra* §1652. If the two requirements specified in Rule 20(a)(1) in particular, "are not satisfied, a 'court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits.' " *Cruz v. Bristol Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 569 (1st Cir. 2012) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). This Court has, likewise been clear that "[a]lthough Rule 20(a) is to be construed liberally for the sake of convenience and judicial economy ... the rule is not a license for unbridled joinder of unrelated claims." *Cruz v. Bristol Myers Squibb Co. P.R., Inc.*, 264 F. R.D. 22, 25 (D.P.R. 2010); *see also*, *Pineiro Díaz v. Adchem Pharma Operations*, 2005 WL 2397489 (D.P.R. 2005).

The First Circuit has dissuaded similar mass joinders in cases such as *Abdullah v. Acandas, Inc.*, 30 F.3d 264 (1st Cir. 1994), wherein the Circuit court agreed with the district court that the complaint failed to satisfy the threshold requirements of Rule 20. In fact, the First Circuit highlighted that **"[t]he Complaint is bereft of factual allegations indicating why 1000 plaintiffs and 93 defendants belong in the same action. It gives no indication of whether plaintiffs … were injured by exposure to the same asbestos-containing products…, nor any specification**

**of the products or equipment to which they were exposed.**" *Id.* at 268 n.5(emphasis ours).

Finally, other circuits and district courts have also dismissed mass joinder suits wherein the allegedly related claims arose out of unrelated loans. *See Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988); *see also Tredo v. Ocwen Loan Servicing, LLC*, 2014 WL 5092741 (D. N. J. 2014 (wherein the district court dismissed a complaint by 15 plaintiffs who obtained 15 unrelated residential loans serviced by the defendant because the claims did not arise out of the same series of transactions.); *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (wherein the Ninth Circuit determined that joinder was improper when 160 named plaintiffs filed suit against 15 different defendants for illicit lending practices because "[n]othing unites all of these Plaintiffs but the superficial similarity of their allegations and their common choice of counsel.")

### J.   FED R. CIV. P. 21

Federal Rule of Civil Procedure 21, "Rule 21" provides the following:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

The First Circuit has been adamant that "the decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court,' and courts of appeals accord broad latitude to district courts in this area." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003) (quoting *Gonzalez–Marin v. Equitable Life Assurance Society,* 845 F.2d 1140, 1145 (1st Cir.1988)). Hence, a court may drop all plaintiffs and defendants from a suit and dismiss them from prejudice, except for the first named party. *See PPV Connection, Inc. v. Melendez*, 679 F. Supp.2d 254, 258 (D.P.R. 2010).

The judgment in a severed action is considered final and enforceable when it disposes of all parties and issues. Most notably, "once a claim has been severed…it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." *Wright & Miller supra*, §1689. Severance is fitting wherein the venue is improper as to some but not all defendants. *Id.* On the other hand, severance will be denied "if the court believes that it will only result in delay, inconvenience, or added expense." *Id.*; *see also*, *In re Cyberonics Inc. Secs. Litigations*, 468 F.Supp.2d 936 (D.C. Tex. 2006); *Levine v. FDIC*, 136 F.R.D. 544 (D.C. Conn. 1991).

Moreover, the First Circuit has also specified on several occasions that "[d]ismissal of a nondiverse dispensable party has long been recognized as a way to cure a jurisdictional defect and Rule 21 explicitly vests district courts with authority to allow a dispensable non-diverse party to be dropped at any time." *Cason v. Puerto Rico Elec. Power Authority*, 770 F.3d 971, 977 (1st Cir. 2014) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-38 (1989)). Other circuits have similarly determined that in regards to dispensable parties, it is appropriate to sever any dispensable non-diverse parties in order to preserve the jurisdiction over the diverse parties. *See, e.g.*, *Trans energy, inc. v. EQT Production Co.*, 743 F.3d 895 (4th Cir. 2014) (wherein the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") decided that it was proper to dismiss the non-diverse party from the suit). The Supreme Court has stated that in regards to this jurisdictional issue, the court must always ask "'whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, [and if so] the jurisdiction of the court should be retained and the suit dismissed as to them.'" *Grupo Dataflux v. Atlas Global Group. L.P.*, 541 U.S. 567, 572 (2004) (quoting *Horn v. Lockhart*, 17 Wall. 570, 579 (1873)).

## K.  FED R. CIV. P. 23

The prerequisites established in Federal Rule of Civil Procedure 23, "Rule 23" provide the following:

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(**1**) the class is so numerous that joinder of all members is impracticable;

(**2**) there are questions of law or fact common to the class;

(**3**) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(**4**) the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if <u>Rule 23(a)</u> is satisfied and if:

(**1**) prosecuting separate actions by or against individual class members would create a risk of:

(**A**) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(**B**) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(**2**) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(**3**) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(**A**) the class members' interests in individually controlling the prosecution or defense of separate actions;

(**B**) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(**C**) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(**D**) the likely difficulties in managing a class action.

**(c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.**

(**1**) *Certification Order.*

(**A**) *Time to Issue.* At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

Firstly, the Supreme Court and by extension the district courts, have emphasized that there can be no class action suit without first identifying and certifying the class. *See Rivera-Colon v. Torres-Diaz*, 252 F.Supp.3d 68, 71 n.1 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1 (1976)). The Supreme Court has also been consistent in stating that "the class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" (*Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki,* 442 U.S. 682 (1979)). To be part of this exception, and to classify as a class action, a party must therefore meet the requirements set forth in Rule 23. *See generally*, *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011). However, Rule 23 should not be considered a pleading standard, rather, a party must "be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact," a set of claims or defenses, and adequacy of representation. *Id.* at 350.

The Supreme Court has also expressed that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' " *Id.* at 350-51 (quoting *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 161 (1982)). The same analytical principles oversee the application of Rule 23(b). If anything, Rule 23(b), especially Rule 23(b)(3)'s provisions, may be considered even more demanding than Rule 23(a). *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 615 (1997)(wherein the Supreme Court stated that Rule 23(b)(3) is designed for situations "in which "class-action treatment is not as clearly called for.").

The First Circuit exemplified the scope of Rule 23(b), in particular Rule 12(b)(3), when it ruled in *In re Nexium Antitrust Litigation*, 777 F.3d 9 (1st Cir. 2014), that the class certification was proper, despite including class members who were not injured by the generic foreclosure.

That is to say, the member class included individual consumers who would have continued to purchase branded Nexium for the same price even after the generic drug entered the market. In said case, the First Circuit explained that the class certification was appropriate precisely because the plaintiffs were able to show that they would have all suffered injuries. In essence, the class could fulfill the "predominance" requirement prescribed by Rule 23(b)(3). To meet this requirement, "the party seeking certification must show that 'the fact of antitrust impact can be established through common proof' and that 'any resulting damages would likewise be established by *sufficiently* common proof.' " *Id.* at 18 (quoting *In re New Motor Vehicles Canadian Export Antitrust Litigation,* 522 F.3d 6, 20 (1st Cir. 2014) (emphasis added)). Hence, the party seeking certification carries the burden of proof in proving that they complied with all the elements of Rule 23. *See Comcast*, 569 U.S. at 33. Further, with regards to individual versus common questions regarding liability, the First Circuit has stated that "[t]he individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3). Where ... common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 40 (1st Cir. 2014).

## III.    DISCUSSION

### A.  Banco Popular of Puerto Rico

Defendant Banco Popular of Puerto Rico ("Banco Popular") claims in its *Motion to Dismiss the Complaint* that many of the Plaintiffs, including the first named plaintiff Lilliam González, did not enter their loan from, or have their loan serviced by, defendant Banco Popular. *See* Docket No. 96. Moreover, Banco Popular alleges that the Plaintiffs have failed to provide specific facts in the Complaint which can prove Banco Popular's alleged  illegality in detail. This

Court will thus analyze all of Banco Popular's claims in a detailed, seriatim fashion as many of the other Defendants which have also filed motions to dismiss in the case at bar seek to join Banco Popular's claims.

### i. Plaintiffs' lack standing to bring suit against Defendant Banco Popular

Banco Popular contends that Plaintiffs lack the requisite standing to bring claims against Banco Popular for any alleged harm that the Plaintiffs may have suffered. *See* Docket No. 96 at 2. This standing requirement has three core elements. As stated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), these elements are the following:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "'likely,'" as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Defendant Banco Popular states that many of the Plaintiffs have no business relationship with Banco Popular and thus lack standing to bring suit against Banco Popular. *See* Docket No. 96 at 3. Moreover, Plaintiffs have yet to connect any facts regarding an "injury in fact" caused by Banco Popular as to any of the Plaintiffs. Hence, Plaintiffs cannot even survive the first standing element, let alone the other two. Banco Popular similarly cautions that this same logic would apply to most of the Plaintiffs claims, if not all, against the Defendants named in the instant case. *See Id.*

Likewise, in their *Response In Opposition To Motions to Dismiss, To Motion For Joinder To Motion To Dismiss And Amended Motion To Dismiss* [hereinafter, *Response in Opposition to Motions to Dismiss*] filed under Docket No. 137, Plaintiffs failed to mention this lack of standing allegation. Consequently, these allegations of lack of standing are currently unopposed.

### ii. Plaintiffs' First Amended Complaint Fails To Comply With The Federal Rules Of Civil Procedure

#### 1. Complaint does not comply with Rule 8(a)(2)

Banco Popular contends that Plaintiffs failed to include a short and plain statement of claims as required by Rule 8(a), and in particular Rule 8(a)(2). Further, Banco Popular alleges that Plaintiffs failed to meet this requirement because Plaintiffs simply have no knowledge as to what actions they are alleging against Banco Popular. *See Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016). Moreover, Banco Popular states that Plaintiffs instead make broad generalizations against Defendants, rather than identifying specific allegations regarding Banco Popular and which of the plaintiffs expressed allegations as to Banco Popular. They further assert that "[t]his 'one-size-fits-all' approach to pleading is not a serious attempt at alleging *bona fide* grievances concerning Plaintiffs' loans." Docket No. 96 at 5. These facts are particularly critical because the Court has yet to determine that the instant case constitutes a class action. *See* discussion as to Rule 21(a)(1)(A) and Rule 23, *supra*.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs argue that they complied with the Rule's requirement because they include a "short and plain statement of claim" in their Complaint. Likewise, Plaintiffs state that case law dictates that a complaint must include just enough facts to be "plausible," which Plaintiffs claim they have done.

However, Plaintiffs failed to cite in their *Response in Opposition to Motions to Dismiss* even a single instance in their *First Amended Complaint* which may associate Banco Popular with the alleged misconduct. *See* Docket No. 137. Plaintiffs thus failed to comply with Rule 8(a)(2).

#### 2. Complaint does not comply with Rule 9(b)

Banco Popular also alleges that Plaintiffs failed to state with particularity the circumstances of the alleged false representation. However, Plaintiffs must comply with Rule 9(b)

even if they do not explicitly claim fraud, but their allegations nonetheless sound like fraud. *See generally*, *Mulder v. Kohl's Department Store, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017). Banco Popular thus states that Plaintiffs have failed to meet this particularity requirement in terms of false representation and fraud, in regards to any of the Defendants, let alone Banco Popular. *See e.g.*, *Blue v. Doral Financial Corp.*, 123 F.Supp.3d 236, 271 (D.P.R. 2015), wherein this Court stated that certain allegations with regards to individual Defendants, "fall short of the pleading requirements of Rule 9(b) … [because they] group all of the Individual Defendants together generally without specifically referring to each one of them and are generally conclusory by failing to specify the what, where, and when of the alleged fraud." *See generally* discussion as to Rule 9(b), *supra*.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any statements providing the Court with specific instances of alleged fraud by any of the Defendants. *See* Docket No. 137. Hence, Plaintiffs also failed to comply with Rule 9(b).

### 3. Complaint does not comply with Rule 10(b)

Rule 10(b) asks parties to state their claims in "numbered paragraphs." To wit, Banco Popular explains that the *First Amended Complaint* is a "meandering compilation of conclusory allegations devoid of clarity." Docket No. 96 at 6. According to Banco Popular, this lack of compliance by the Plaintiffs with Rule 10(b) justifies dismissal of the *First Amended Complaint*. While the First Circuit has not expressly ruled on noncompliance with Rule 10(b), other Circuits have been resolute that noncompliance may justify dismissal. *See e.g.*, Davis v. Anderson, --- Fed.Appx.----, 2017 WL 5988472, at *3 (7th Cir. 2017) (Dec. 4, 2017). In *Davis*, Plaintiffs filed a 574 page Complaint, naming 16 defendants and attached 429 pages of exhibits. The District Court struck the original complaint and ordered the Plaintiffs to file a complaint that complies with the

applicable rules of civil procedure. In compliance with said Order, Plaintiffs filed an amended

165-page complaint with the same 429 pages of exhibits. A second amended complaint followed

which included 215 pages plus the same 429 pages of exhibits included in the original complaint.

The Court held:

> The judge had seen enough: he dismissed the case with prejudice for failure to comply with the basic requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.

> *Id.* at *1.
> …

> Moving to the merits, dismissal for noncompliance with Rules 8 and 10(b) is discretionary, and our review is for abuse of that discretion. *See Stanard v. Nygren*, 658 F.3d 792, 796–97 (7th Cir. 2011); *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797. **So a complaint is subject to dismissal under these rules if it is unduly long or if it is unintelligible.** *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). **The amended complaint suffers from both defects.** (Emphasis ours.)

> *Id.* at *2.

> …

> Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378 (emphasis added). And Rule 10(b) "requires allegations to be separated into numbered paragraphs[ ] and distinct claims to be separated into counts." *Frederiksen*, 384 F.3d at 438 (emphasis added). The amended complaint complies with neither Rule.

> *Id.* at *3.

In the opposition by Plaintiff filed in the *Response in Opposition to Motions to Dismiss*, Plaintiffs in the case at bar failed to provide any explanation as to why they did not comply with the above-mentioned Rule 10(b). *See* Docket No. 137.

### iii. Plaintiffs failed to state any claim for which relief can be granted

Banco Popular reiterates in its *Motion to Dismiss* that the First Circuit has stated that a court will "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements" when analyzing the merits of a Rule 12(b)(6) dismissal. *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (1st Cir. 2012); *see also*, Docket No. 96 at 14; *see also Ocasio Hernandez*, 640 F.3d at 12; *see also Sanchez*, 590 F.3d at 49. A court should likewise ensure that parties meet the pleading requirement standards set forth in Rule 8(a)(2). *See generally*, *Twombly,* 550 U.S. at 555-558.

### 1. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law

Puerto Rico law states that the elements of a cause of action required in a breach of contract suit are the following: 1) a valid contract, and 2) a breach by one of the contracting parties. *See Markel American Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 31 (1st Cir. 2012) (citing *Dantizer, Inc. v. Lamas-Besos*, 2010 WL 2572618, at * 3 (D.P.R. 2010). Most notably, in order for a nonperformance claim to prosper, a moving party must "establish the real and positive existence of the damages caused." *Mega Media Holdings, Inc. v. Aerco Broadcasting Corp.*, 2013 WL 122347184, at *5 (D.P.R. 2013) (citations omitted). In the *First Amended Complaint*, Plaintiffs claim that they executed valid contracts with Defendants, although it appears they fail to specify which Defendants and which Plaintiffs entered into the individual mortgage payments. *See* Docket No. 5 at 25. Plaintiffs contend that a Defendant did not "perform in accordance with the contract terms regarding the trial modification period, and in fact, Defendant intentionally and

systematically delayed converting the trial modifications into permanent modifications." *Id.* Banco Popular, however, states that the *First Amended Complaint* fails to specify which of the above-mentioned trial modification contract provisions allegedly bind Banco Popular may be found in the *First Amended Complaint*. Likewise, Banco Popular also claims that the *First Amended Complaint* fails to state how Banco Popular allegedly breached said contract. As such, Banco Popular contends that these general and conclusory breaches of contract claims fail to meet the pleading standard required by *Twombly. See* Docket No. 96 at 8; *see also Twombly*, 550 U.S. at 556-557.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to address Banco Popular's claims, and failed to provide any details as to how Banco Popular's actions could be construed as breaches of contract. *See* Docket No. 137. The Court agrees with Banco Popular.

### 2. Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law

The First Circuit, and this Court, has remained steadfast in that there is a duty of good faith imposed among contracting parties. *See Nadherny v. Roseland Property Company, Inc.*, 390 F.3d 44 (1st Cir. 2004); *see also*, *Adria Intern. Group, Inc. v. Ferre Development, Inc.*, 241 F.3d 103 (1st Cir. 2001). Further, a plaintiff must prove bad faith or intentional fault, given that good faith is presumed. *See Burk v. Paulen*, 100 F.Supp.3d 126, 135 (D.P.R. 2015); *see also Citibank Global Markets, Inc. v. Rodriguez Santana,* 573 F.3d 17, 29 (1st Cir. 2009).

Banco Popular thus explains that Plaintiffs have failed to plead facts which would prove the "bad faith" of Defendants. Rather, they claim that Plaintiffs cling to general "bad faith" accusations. As alleged by Banco Popular, these accusations include, for example, that "[c]onsumers who were rejected from … modification plans through no fault of their own should find themselves in no worse position than they entered it. Instead, Defendant's failure to honor its

agreements and its misrepresentations and omissions about a program … have left Plaintiffs and Class Members financially devastated." Docket No. 96 at 9 (citing Docket No. 5 at 8). Nonetheless, Plaintiffs have declined to include any explicit mention of how Banco Popular acted in bad faith or which obligations and loan servicing functions Banco Popular failed to fulfill; thus, Plaintiffs' claims fail as a matter of law. *See Maceira-Lopez v. Doral Financial Corp.*, 2012 WL 5986549, at *8 (D.P.R. 2012); *see also*, *Kolbe v. BAC Loans Servicing, LP*, 738 F.3d 432, 454-455 (1st Cir.2009) (dismissing claims against a mortgagee for breach of mortgage contract and of implied covenant of good faith and fair dealing as Plaintiffs allegations, that mortgagee's failed to comply with the requirements of obtaining extra flood insurance in compliance with FEMA's guidance, "fail to make out any claim for a breach of the lender's contractual commitments, express or implied.").

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to provide any specificity as to how Banco Popular's actions were to be considered a breach of implied covenant of bad faith. *See* Docket No. 137.

### 3.  Plaintiffs' TILA Claim Fails as a Matter of Law

Banco Popular contends that there is no specific instance of a "TILA claim" included in the *First Amended Complaint*, and state that Plaintiffs fail to mention their TILA claims in the "Nature of Action" and "Class Allegations" sections. Banco Popular likewise explains that the only reference to TILA in the *First Amended Complaint* is in a section titled "Purpose of the Truth in Lending Act," which provides statutory clauses related to TILA. *See* Docket No. 5 at 11-22. To wit, Banco Popular states that "[n]ot once in those ten pages are there any allegations, conclusory or otherwise." Docket No. 96 at 9. The Court notes, as does Banco Popular, that this recital of

statutory clauses is insufficient to properly state a plausible claim for relief. *See Ocasio-Hernandez*, 640 F.3d at 12.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to amend the faulty allegations claimed by Banco Popular and/or include any specific reference related to the TILA claims and their connections with each Plaintiff. *See* Docket No. 137.

### 4. Plaintiffs' RESPA Claim Fails as a Matter of Law

Banco Popular likewise argues that the "Real Estate Settlement Procedures Act" ("RESPA") claims do not appear in the *First Amended Complaint*. Plaintiffs' only reference of said claims is a section titled " 'Real Estate Settlement Procedures Act' (hereinafter "RESPA") and Regulation X of the 'Consumer Financial Protection Bureau'." However, this section, as the TILA section discussed *supra*, merely provides a recitation of different statutory provisions. *See* Docket No. 5 at 27-31. It therefore also fails to provide a connection between RESPA's provisions and the claims for which relief can be granted for each Plaintiff. As highlighted by Banco Popular, the *First Amended Complaint* does not cite a single instance wherein Banco Popular can be found responsible of violating RESPA claims and evading RESPA allegations.[3]

In fact, the only instance where Plaintiffs refer to Defendants in general in regards to RESPA claims, offers a disjointed and conclusory statement instead. This fact is evidenced when Plaintiffs state in their *First Amended Complaint* that in regards to RESPA and Regulation X requirements, if the Plaintiffs were to comply "with all the requirements…, the Defendants would be placed, not only in their legal obligation to consider the Plaintiffs request for loss mitigation, but also, if the Defendants refused to comply with the protocol, appearing would be in their full right to initiate the corresponding claim action for damages." Docket No. 5 at 30.

---

[3] The Court notes that in regards to the RESPA section, the *First Amended Complaint* fails to mention any of the Defendants by name. *See* Docket No. 5 at 27-31. Hence, Plaintiffs failed to establish a connection with the alleged claim against each Defendant.

District and circuit courts have been resolute in stating that general statements such as these do not suffice to survive RESPA violation claims. *See, e.g.*, *Sutton v. CitiMortgage, Inc.*, 228 F.Supp.3d 254, 265 (S.D.N.Y. 2017) ("Significantly, '[a] plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA.' *Gorbaty*, 2012 WL 1372260, at *5. Conclusory assertions do not suffice.") Further, the Eleventh Circuit has stated, in particular in cases related to loss mitigation violations pursuant to Section 1024.41, as the Plaintiffs allege, that RESPA recognizes two types of damages which are an essential part of a RESPA claim: "(1) actual damages the borrower sustained as a result of the RESPA violation and (2) 'any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.' " *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1011 (11th Cir. 2016) (quoting 12 U.S.C. §2605(f)(1)). In *Lage*, the Eleventh Circuit determined that "the Borrowers failed to present evidence of a pattern or practice of RESPA noncompliance that would support a claim for statutory damages." *Id.* at 1012. Here, as in *Lage*, Plaintiffs failed to provide any evidence of either of these types of damages they allegedly sustained because of Banco Popular's, or any Defendants' for that matter, alleged RESPA violations.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to amend the deficiencies of faulty allegations set forth by Banco Popular and/or include any specific reference related to the RESPA claims. *See* Docket No. 137.

### 5. Plaintiffs' Puerto Rico Law Claims Fail as a Matter of Law

Plaintiffs cite two provisions, the "Principal Residence Protection and Mandatory Mediation in Foreclosure Proceedings Act" (Act No. 184 of August 17, 2012) and the "Mortgage Debtor Assistance Act" (Act No. 169 of August 9, 2016), in order to bolster their claims against

Defendants, including Banco Popular. *See* Docket No. 5 at 31-34. In said section of the *First Amended Complaint*, Plaintiffs contend that, contrary to both laws, Defendants' breached their duty to exercise reasonable care by failing to maintain accurate loan records, and by failing to apply credit payments to Plaintiffs' loan accounts. *See* Docket No. 5 at 33-34. Plaintiffs further claim that Defendants "filed claims and foreclosing proceedings without having the legal authority and/or proper documentation to do so." *Id.*

Defendant Banco Popular, however, states that Plaintiffs failed to include in their *First Amended Complaint*: a) any facts that pertain to the alleged violations of either statute, or b) specific sections of either law that Banco Popular has violated. Plaintiffs included instead only the Statement of Motives of Act No. 184-2012 and a description of Act No. 169-2016.

The Court notes that including a mere description of statutory provisions insufficient to provide a fair warning to Defendants as to which sections of the law they have violated. The First Circuit has been clear that a complaint should include enough factual allegations that raise the right to relief above a "speculative level." *Ocasio-Hernandez*, 640 F.3d at 12.The Court further notes that Plaintiffs failed to do the same in regards to the Puerto Rico law claims.

Finally, the Court highlights the fact that in the same section in the *First Amended Complaint* wherein Plaintiffs reference Act No. 184-2012 and Act No. 169-2016, Plaintiffs also include a single sentence stating that Defendants are "obliged" under Puerto Rico Civil Code Articles 1802 and 1803 to pay Plaintiffs due to Defendants alleged "gross negligence and recklessness in the mortgage handling and actions against the Plaintiffs." Docket No. 5 at 34. However, as Banco Popular states, the Plaintiffs failed to include any reference or establish any connection to a specific claim of "negligence" which may implicate any of the Defendants under either Article 1802 or 1803 of the Puerto Rico Civil Code.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any specific reference related to their claims under Act No. 184-2012 Act No. 169-2016 or Articles 1802 and 1803 of the Puerto Rico Civil Code. *See* Docket No. 137.

### iv. Plaintiffs' Complaint Should Be Dismissed For Misjoinder Of Parties

### 1. Joinder under Rule 20(a)(1) and Misjoinder under Rule 20

Banco Popular contends in its *Motion to Dismiss* that Rule 20 requires that Plaintiffs may only join together in an action when the right to relief they are asserting arises out of the **same** transaction. In the instant case, Defendant Banco Popular claims that Defendants are improperly joined because the allegations included in the Complaint pertain to individual loans, which arose out of different transactions. Furthermore, Banco Popular claims that a significant number of Plaintiffs do not have a loan with Banco Popular and thus joinder is improper. *See* Docket No. 96 at 18-19. This Court has addressed misjoinder under Rule 20 multiple times before and has concluded that Plaintiffs whose claims arise out of unrelated transactions may not join in a suit. *See, e.g.*, *Pineiro Díaz v.*, 2005 WL 2397489 at *12 (D.P.R. 2005); *see also*, *Hernandez-Rivera v. Cooperative de Ahorro*, 309 F. R.D. 281, 282 (D.P.R. 2015). The remedy, however, is not a dismissal with prejudice but a misjoinder dismissal without prejudice. *See, supra,* as to standard and Rule 20(a)(1) and Rule 23.

Further, Plaintiffs failed to make a connection between the named Defendants in the *First Amended Complaint* and each Plaintiff. Plaintiffs explain that the nature of the action is based on illegal foreclosures and/or sought modifications to their mortgage payments through their mortgage servicers, in this case the Defendants. *See* Docket No. 5 at 6. However, Plaintiffs recognize that the nature of the action does not arise out of the same transaction nor would all the Plaintiffs necessarily have the same claim.

Furthermore, Plaintiffs seem to confuse the fact that they have similar claims against the different Defendants with the fact that they can join all Defendants under the same lawsuit. Nowhere is this more evident than in their *Response in Opposition to Motions to Dismiss*, wherein Plaintiffs seek to counteract Defendants' allegations regarding misjoinder of Defendants by stating that "this instant case is a result of Plaintiff's recurring and common allegations, to all Defendants, of violations during the loan origination process. … thus parties are not misjoined. The Plaintiffs' claims … are typical, all of them suffered the same or similar situation, cause[d] by the same conduct by defendants." Docket No. 137 at 8-9. Nonetheless, district courts throughout the country have customarily rejected this type of "mass joinder." *See, e.g.*, *Barber v. America's Wholesale Lender*, 289 F. R.D. 364 (M.D. Fla. 2013); *Abraham v. American Home Mortgage Servicing, Inc.,* 947 F.Supp.2d 222, 228–229 (E.D.N.Y 2013); *Padron v. OneWest Bank*, 2014 WL 1364901 (C. D. Cal. 2014); *Adams v. U.S. Bank, NA*, 2013 WL 5437060 (E.D. N.Y 2013).

## 2. Remedy for Misjoinder of Parties

Rule 21 of the Federal Rules of Civil Procedure provides a court with the power to sever a case or drop parties when parties are improperly joined. Banco Popular thus contends in its *Motion to Dismiss* that the first named plaintiff in the suit, Ms. Lilliam González Camacho, does not have a mortgage loan serviced nor originated by Banco Popular. Further, from the facts alleged in the instant case, she does not seem to claim to have said mortgage either. *See* Docket No. 96 at 21. Thus, Banco Popular argues that the rest of the Plaintiffs, save for the first named Plaintiff, should have all their cases dismissed without prejudice and Banco Popular should be dismissed from the case at bar. *See PPV Connection, Inc.*, 679 F.Supp.2d at 258.

Finally, Banco Popular notes that while typically a court could sever the claims against a certain defendant and thus create a separate suit only in regards to those claims, that is simply not

reachable in the case at bar. Instead, Banco Popular argues that since the Court cannot determine from the *First Amended Complaint* which allegations pertain to Banco Popular and which pertain to the other Defendants, Banco Popular should be dismissed altogether from the instant action. *See* Docket No. 96 at 21.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to address any possible severance of Defendants and Plaintiffs' claims, simply stating instead that the "parties are not misjoined." *See* Docket No. 137. Banco Popular then filed a *Reply to Plaintiffs' Response in Opposition to Banco Popular's Motion to Dismiss the Complaint* wherein it stated that Plaintiffs' failed to include in their *Response* any counterarguments to Banco Popular's allegations that Plaintiffs' lack standing, failed to comply with Rule 9(b) and 10(b) and failed to state a claim for which relief can be granted. Banco Popular further claims that by not referencing said arguments in their *Response*, those claims are unopposed. Moreover, Banco Popular asserts that Plaintiff's counterclaims to Banco Popular's dismissal of legal issues related to joinder, Plaintiffs' naked assertions and possible future amendments, fail to address any these deficiencies. Therefore, they reiterate that the *First Amended Complaint* should be dismissed. *See* Docket No. 150. Plaintiffs' filed *Plaintiffs' Sur -Reply To Reply To Motion In Opposit[i]on To Motion To Dismiss Filed By Defendants (Docket Nos. 150, 151, 163, 164 & 168)* wherein Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. *See* Docket No. 185. Plaintiffs only reference Banco Popular once by name in the *Sur-Reply*. Currently, this *Sur-Reply* is unopposed.

Therefore, the Complaint is to be dismissed as to Banco Popular because there are no allegations as to standing under Article III of the United States Constitution as no Plaintiff is specified as having a mortgage contract with Banco Popular. Further as to the sufficiency of the

allegations under Rule 12(b)(6), the Complaint is to also be dismissed. There simply are no facts alleged that any Plaintiffs is connected to any entitlement of relief as there are no facts specified by any Plaintiff against Banco Popular. There is a failure as to Plaintiffs "nudg[ing] [their] claims across the line from conceivable to plausible". *Ashcroft v. Iqbal*, 556 U.S. at 655 (2009). Further the Complaint may also be dismissed without prejudice under misjoinder under Rule 20(a)(1) as there is an insufficiency as to the facts alleged connecting two or more plaintiffs and the named Defendant in the *First Amended Complaint*. There are no "actual damages alleged" nor "additional damages" under RESPA limited to $2000 as to the last. *Sulton* 228 F.Supp. at 265; *Gorbay*, 2012 WL 13772260 at 5; *Large*, 839 F.3d. at 1011.

### B. Scotiabank de Puerto Rico

In its *Motion to Dismiss under Rule 12(b)(6)*, Defendant Scotiabank de Puerto Rico ("Scotiabank") alleges while it was included in the caption as a Defendant, there are no specific claims as to any specific Plaintiff against Scotiabank in the *First Amended Complaint* and thus the Complaint should be dismissed. *See* Docket No. 99. Further, Scotiabank alleges that, in accordance with the seminal *Iqbal* case, a complaint "must contain sufficient factual matter." *Iqbal*, 556 U.S. at 678. Scotiabank thus states that Plaintiffs instead rely on conclusory allegations and therefore fail to support the elements of any state or federal claims, TILA or otherwise. Scotiabank likewise argues that in grouping all Defendants together, Plaintiffs fail to "give the defendant[s] fair notice of what the…claim is and the grounds upon which it rests." *Sepulveda*, 628 F.3d at 28 (citing *Twombly*, 550 U.S. at 555). This inappropriate grouping contravenes the pleading standards set forth in *Twombly* and Rule 8. Most notably, Scotiabank joins, adopts and

incorporates by reference the arguments raised by Oriental Bank and Banco Popular in their *Motions to Dismiss*. *See* Docket Nos. 16 and 96.[4]

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate Scotiabank with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

The claim against Scotiabank is also be dismissed under the same reasons as to Banco Popular. Those reasons are: lack of standing, lack of sufficiency of facts as to Rule 8(a), fail to allege entitlement of relief as there are no facts nor law specified as to Scotiabank, and as to misjoinder under Rule 20(a)(1).

### C. Firstbank Puerto Rico

In its *Motion to Dismiss Amended Complaint*, Defendant Firstbank of Puerto Rico ("Firstbank") alleges that Firstbank cannot address any allegations supposedly made against it in the *First Amended Complaint* because the paragraphs are not properly identified as required by Rule 10(b). *See* Docket No. 103. Further, most paragraphs included in the Complaint are simply extensive recitations of statutory provisions applicable to mortgage lenders and loan servicers in general.[5] Therefore, Firstbank contends that this lack of specific allegations makes it impossible to determine which of the named Plaintiffs has done business with, or has had their loan serviced by, Firstbank.

---

[4] The Court notes that Oriental Bank's *Motion to Dismiss for Failure to State a Claim* filed under Docket No. 16 was filed in reference to the *Second Amended Complaint* which has since been stricken from the record under Docket No. 85. As such, Plaintiffs could argue that the discussion included in Oriental Bank's *Motion to dismiss* is now moot. However, given that Plaintiffs' allegations in the *Second Amended Complaint* did not vary greatly from those included in the *First Amended Complaint*, Oriental Bank's discussion in the *Motion to Dismiss* filed under Docket No. 16 is still relevant to the instant case and thus the intervening Defendants may join said *Motion to Dismiss*.

[5] The Court notes that while Firstbank only mentions Plaintiffs' failure to comply with Rule 8(d)(1), which requires that allegations against a party be simple, concise and direct in the title of section II of its *Motion to Dismiss Amended Complaint*, it can be inferred that Firstbank refers to said Rule in paragraph 4 of its motion.

In their defense as to why the Court should grant its *Motion to Dismiss Amended Complaint*, Firstbank alleges that the *First Amended Complaint*, above all, fails to state sufficient facts that can lead to a reasonable conclusion that Firstbank violated any of the statutory provisions set forth in the Complaint. Firstbank thus asserts that granting its *Motion to Dismiss Amended Complaint* is proper considering that the First Circuit has been adamant that inclusion of conclusory statements will not suffice to survive a motion to dismiss under Rule 12(b)(6). *See Labor Relations Division of Construction Industries of Massachusetts, Inc. v. Healey*, 844 F.3d 318, 327 (quoting *Iqbal*, 556 U.S. at 678) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions..") Most notably, Firstbank joins, adopts and incorporates by reference the arguments raised by Oriental Bank and Banco Popular in their respective *Motions to Dismiss*. *See* Docket Nos. 16 and 96.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations which may relate Firstbank with the any of the claims and as to any specific Plaintiff as set forth in the *First Amended Complaint*. *See* Docket No. 137.

As to Firstbank, the Court concludes that dismissal of the instant *First Amended Complaint* is appropriate pursuant to the same reasons dismissal is warranted as to Banco Popular and Scotiabank (standing, Rule 12(b)(6) and misjoinder under Rule 20(a)(1)).

### D. Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC

In its *Motion to Dismiss First Amended Complaint by Defendants Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC*, Defendants Bayview Loan Servicing LLC ("Bayview") and Lakeview Loan Servicing LLC ("Lakeview") allege that the *First Amended Complaint* lacks any factual allegations that could support claims against either Defendant. *See* Docket No. 104. Instead, Bayview and Lakeview claim that Plaintiffs make unsupported legal conclusions wherein

they only state that "[d]efendants did not live up to its promises of providing borrowers with reduced loan payments and/or simply submit Plaintiffs to a lengthy Loss Mitigation Process with no result and at the same time filing a foreclosure claim against them." *See* Docket No. 5 at 7.[6] Further, Bayview and Lakeview allege three main reasons why the Court should grant their joint motion to dismiss pursuant to Rule 12(b)(6): 1) the *First Amended Complaint* misjoins defendants because it fails to allege a common nucleus of facts required to justify the inclusion of separate claims in a single action; 2) the *First Amended Complaint* fails to meet Rules 8(a) and 12(b)(6)'s pleading standards; 3) nothing in the *First Amended Complaint* suggests that a Plaintiff has standing to sue Bayview or Lakeview.

In regards to their first point, Bayview and Lakeview allege that Plaintiffs have failed to meet their burden of proof because the allegations set forth in the *First Amended Complaint* do not establish "factual similarity in the allegations supporting Plaintiffs' claims" and which may then support a finding of joinder under Rule 20(a)(1)(A). *See Visendi*, 733 F.3d at 870. Further, both Defendants claim that the *First Amended Complaint* suggests that Plaintiffs' loans arose out of individualized loan modifications and thus joinder is not permissible. *See generally*, Docket No. 5 at 25-27. Bayview and Lakeview also allege that Plaintiffs cannot (and have not) contended that Defendants "acted in concert" to cause Plaintiffs' supposed injuries. *See Rivera v. Puerto Rico Metropolitan Bus Authority*, 2016 WL 1599975, at *1 (D.P.R. 2016)("[M]erely alleging that Defendants conspired and acted in concert, in a conclusory manner does not meet the pleading requirement of Fed. R. Civ. P.8(a)(2)").

In regards to their second point, Bayview and Lakeview contend that Plaintiffs failed to comply with Rule 8(a) by not providing facts that may state a claim which warrants relief. *See*

---

[6] Lakeview and Bayview also note that Plaintiffs failed, as required by Rule 10(b) of Federal Rules of Civil Procedure, to number the paragraphs of their *First Amended Complaint*. See Docket No. 104 at 2 n. 1.

Docket No. 104 at 3. Moreover, Bayview and Lakeview claim that the *First Amended Complaint* also fails to meet this Rule by only providing conclusory statements, knowing full well that the First Circuit has reiterated that a complaint must contain more than just "bald assertions, unsupportable conclusions, periphrastic circumlocutions," to survive a motion to dismiss. *Aulson*, 83 F.3d at 3.

Defendants state that Plaintiffs instead assert "nothing more than generic, unsupported allegations regarding unidentified 'defendants,' accompanied by legal conclusions that said 'defendants' allegedly failed to modify unspecified plaintiff's mortgage loans." Docket No. 104 at 3. Defendants Bayview and Lakeview also argue that Plaintiffs cannot hope to satisfy Rule 8(a)'s pleading standard by grouping the Defendants, as a complaint "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" in order to provide defendants with fair notice of claims against them. *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154) (1st Cir. 2007).

Finally, in regards to their third claim, Defendants Bayview and Lakeview argue that Plaintiffs lack standing to sue either entity. Both Defendants contend that no Plaintiff has established an injury "traceable to the purported conduct of any specific defendants, let alone Bayview or Lakeview. Indeed, plaintiffs nowhere allege that Bayview or Lakeview serviced any of their loans, much less failed to modify any of their loans." Docket No. 104 at 5.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to refer to any factual allegations from the Complaint that may relate Bayview or Lakeview with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137. Bayview and Lakeview then filed a *Reply In Support Of Motion To Dismiss First Amended Complaint By Defendants Bayview Loan Servicing LLC And Lakeview Loan Servicing LLC* wherein it stated that Plaintiffs' *Response* failed to address both Defendants' claims regarding Plaintiffs' failure to address the allegation of

not satisfying the *Twombly* and *Iqbal* pleading standards, misjoining parties and lack of standing to bring suit. *See* Docket No. 163. Bayview and Lakeview further claim that Plaintiffs' failed to include allegations that would validate further leave to amend their Complaint. Therefore, Bayview and Lakeview assert that the *First Amended Complaint* should be dismissed. Plaintiffs' filed *Plaintiffs' Sur -Reply To Reply To Motion In Opposit[i]on To Motion To Dismiss Filed By Defendants (Docket Nos. 150, 151, 163, 164 & 168)* wherein Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. *See* Docket No. 185. Plaintiffs only reference Bayview and Lakeview once by name in the *Sur-Reply*.

Consequently, Plaintiffs do not identify the defendants Bayview nor Lakeview nor are there are facts provided "showing the pleader is entitled to relief" under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. There is simply no factual scenario alleged as to defendants to "raise a right to relief above the speculative level on the assumption that all allegations in the Complaint are true". *Id.* The Court does not identify facts as to "who did what to whom, when, where, and why" in order to provide defendants with fair notice of claims against them. *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154) (1st Cir. 2007). The Court also understands that because there is no identification of any Plaintiff with defendant Bayview or Lakewiew this also constitutes both a lack of standing under Article III of the United States Constitution and a misjoinder under Rule 20(a)(1).

### E. Banco Santander Puerto Rico

In the *Santander Motion to Dismiss First Amended Complaint and Joinder to Motions to Dismiss Filed by Co-Defendants*, Defendants Banco Santander Puerto Rico and Santander Financial Services, Inc.[7] (collectively, "Santander PR"), move to dismiss the First Amended

---

[7] Santander Financial Services, Inc. conducted business as Island Finance, a named Defendant in the instant case, until June 30, 2017. *See* Docket No. 107 at 1 n. 1.

Complaint with prejudice and join several motions to dismiss filed by co-defendants in the case at bar. *See* Docket No. 107.

Santander PR states that "instead of clogging the docket with similar arguments for dismissal, for the sake of judicial economy, and to spare the court's time and resources, Santander joins the Motions to Dismiss filed by Oriental, Popular, Scotiabank, Bayview and Lakeview, adopting all of their arguments as if fully set forth herein." *See* Docket No. 107 at 2; *see also* Docket No. 16, Docket No. 96, Docket No. 99, Docket No. 104.

Lastly, Santander PR states that the *First Amended Complaint* fails to include a single allegation against Santander PR and that no Plaintiff has stated any type of relationship with Santander. Thus, Santander asks the Court to dismiss the *First Amended Complaint*.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate Santander PR with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

The Court therefore dismisses the Complaint for the same reasons as to Banco Popular, Scotiabank, Bayview and Lakeview.

### F. Wells Fargo & Co.

In its *Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction by Defendants Wells Fargo & Co.*, Defendant Wells Fargo & Co. ("WFC") alleges that this Court lacks subject matter jurisdiction, neither general nor specific, over WFC and the Complaint should be dismissed pursuant to Rule 12(b)(2). *See* Docket No. 108. Most notably, WFC also joins the *Motions to Dismiss* pursuant to Rule 12(b)(1) and 12(b)(6) filed by Bayview Loan Servicing LLC and Lakeview Loan Servicing LLC. *See* Docket No. 104.

To establish the Court's personal jurisdiction over a party, Plaintiffs must satisfy both Puerto Rico's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Negron-Torres*, 478 F.3d at 24 (citing *Swiss Am. Bank*, 274 F.3d at 618). Puerto Rico's long-arm statue confers Puerto Rico's courts with jurisdiction over a non-resident defendant if said defendant either "(1)[t]ransacted business in Puerto Rico personally or through an agent"; or (2) "participated in tortuous acts within Puerto Rico personally or through his agent." *Id.* (quoting P.R. Laws Ann. tit. 32, App. III, R. 4.7(a)(1)).

Under the Due Process Clause, a plaintiff must prove the existence of either specific or general jurisdiction. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). The key factor in determining whether there exists personal jurisdiction is "the existence of 'minimum contacts' between the nonresident defendant and the forum." *Id.* These "minimum contacts" with Puerto Rico must comport with the "traditional notions of fair play and substantial justice" and be subject to the Court's jurisdiction. *See Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Specific jurisdiction over a nonresident defendant exists "where the cause of action arises directly out of, or related to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089-91 (1st Cir. 1992). The First Circuit divides specific jurisdiction into a tripartite analysis: relatedness, purposeful availment, and reasonableness. *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 135 (1st Cir. 2006) (internal citation omitted). The First Circuit also states that "[a]n affirmative finding on each of the three elements … is required to support a finding of specific jurisdiction." *Phillips Exeter Academy v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999).

With regards to the first requirement, the First Circuit has emphasized that causation is central to a relatedness finding. This means that "[t]he relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection.... A broad 'but-for' argument is generally insufficient." *Negron-Torres*, 478 F.3d at 25 (quoting *Harlow*, 432 F.3d at 61-62) (internal citations and quotations omitted). In essence, the relatedness factor dictates that the Court must "ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum." *Phillips Exeter Academy*, 196 F.3d at 288.

In the case at bar, the relatedness element requires a "nexus" between defendants' contacts with Puerto Rico and plaintiffs' injury "such . . . [that] the litigation itself is founded directly on those activities." *Mass. Sch. Of Law at Andover v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). Plaintiffs here allege that Defendant WFC, in conjunction with the other named Defendants, is liable for illegal foreclosures and/ or sought modifications to Plaintiffs' loans in Puerto Rico. However, Plaintiffs presented no factual allegations of such misconduct by WFC to at least create a factual controversy as to the sworn statements of WFC or as proof of the misconduct of WFC.

Further, the relatedness inquiry in the current claim concerns whether WFC's contacts with Puerto Rico were the "cause in fact" and "legal cause" of Plaintiffs' cause of action. *Mass. Sch. of Law, 142 F.3d at 35* (internal citations and quotations omitted). Further, the First Circuit has repeatedly stated that, specifically in a claim such as the present case, cause in fact refers to whether "the injury would not have occurred 'but for' the defendant's forum-state activity" whereas legal cause refers to whether "the defendant's in-state conduct gave birth to the cause of action." *Callahan v. Harvest Bd. Intern.*, Inc., 138 F.Supp.2d 147 (D. Mass. 2001) (citing *Mass. Sch. of Law*, 142 F.3d at 35 (internal citations omitted)).

Plaintiffs, however, cannot establish that the injury they ascribe to Defendant WFC's actions occurred because WFC does not conduct any business in Puerto Rico. *See* Declaration of Rachelle M. Graham, at 2 ¶5, filed under Docket No. 108-1. The First Circuit has been clear that it "reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." *United Elec.*, 960 F.2d at 1089. Here, Plaintiffs, as such, do not provide any specific evidence which proves that WFC's in-state conduct gave rise to Plaintiffs' claim. *See* Docket No. 108 at 5.

Consequently, Plaintiffs fail to surpass the relatedness test, as WFC's contacts with Puerto Rico were not the proximate cause of Plaintiffs' injuries. *See Burger King v. Rudzewicz*, 471 U.S. 462, 486 (2003) ("The "quality and nature" of an interstate transaction may sometimes be so "random," "fortuitous," or "attenuated" that it cannot fairly be said that the potential defendant 'should reasonably anticipate being hauled into court' in another jurisdiction.") (internal citations omitted). Therefore, in the case at bar, Defendants' contacts with Puerto Rico do not reach the requisite threshold, as there is no "in-state conduct" forming "an important, or at least material, element of proof." *United Elec.*, 960 F.2d at 1089.

Moreover, Plaintiffs cannot establish that WFC "purposefully" directed activities towards Puerto Rico sufficient enough for it to be called into court in Puerto Rico. WFC does not supply goods nor does it render services in Puerto Rico. It likewise has no employees in Puerto Rico and is not registered to conduct business in Puerto Rico. *See* Docket No. 108 at 6; *see also,* Docket No. 108-1 at 2 ¶5-7. WFC does not provide nor does it service any mortgage loans in Puerto Rico. Further, WFC does not perform loan modifications or foreclosure proceedings in Puerto Rico, the activity ascribed to it by the Plaintiffs. *Id.* Thus, Plaintiffs have not met the specific jurisdiction standard which entails that "for a state court to exercise specific jurisdiction, 'the suit must arise[e]

out of or relate[e] to the defendant's contacts with the forum.' " *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014)). WFC clearly does not have any contacts with the forum.

Further, Plaintiffs have not surpassed the first two elements of specific jurisdiction. The Court is not required to address the third element – the reasonableness test. *See Prep Tours, Inc. v. American Youth Soccer Organization (AYSO),* 2016 WL 3746254 at *3 (citing *United Elec.*, 906 F.2d 1080, 1091 n. 11) ("Absent proof of the necessary minimum contacts, [the court]… need not address the question of reasonableness.")[8]

On the other hand, federal district courts have general jurisdiction when "the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Negron-Torres*, 478 F.3d at 25 (citing *United Elec.*, 960 F.2d at 1088). Plaintiffs' Complaint, which mentions WFC only in the caption of the case at bar, does not support a finding of general jurisdiction related to WFC's contacts in Puerto Rico as Plaintiffs have provided no factual statements that WFC, even if they are located in California, had any contacts with Plaintiffs in Puerto Rico. For example, not even phone records or even client complaints from Plaintiffs stating that WFC had contacts with Plaintiffs are found in the Complaint to prove that the Court should exercise general jurisdiction over WFC.

---

[8] The Court notes that in footnote 1 of Docket No. 108 at 7, WFC also explained how service of process on WFC is also insufficient pursuant to Fed. R. Civ. P. 4(k) "Rule 4(k)". In the pertinent part, Rule 4(k)(1) states that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). In essence, this Rule asserts that a non-resident defendant may be summoned to the Court under the premise of personal jurisdiction if the Court of the Commonwealth of Puerto Rico has general jurisdiction over the party. However, as this Court does not have general jurisdiction over WFC, Plaintiffs is barred under Rule 4(k) to attempt to grant the court with personal jurisdiction over WFC.

Furthermore, the Supreme Court has repeatedly stated that a "corporate personality is a fiction." *Int'l Shoe Co.*, 326 U.S. at 316-317. As such, the Supreme Court has likewise stated that:

> To say that the corporation is so far 'present' there as to satisfy due process requirements, for purposes of taxation or the maintenance of suits against it in the courts of the state, is to beg the question to be decided. For the terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process. Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there.

The Supreme Court has also held that the "paradigm forum for the exercise of general jurisdiction for a corporation [is] … one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, Defendant WFC alleges that "home," and their principal place of business, is California, notwithstanding the company is organized under the laws of Delaware. *See* Docket No.108-1 at 1. Further, nothing in the record reflects WFC's intention to establish systematic ties with Puerto Rico. Thus, Plaintiffs fail to establish the systematic ties necessary to grant the Court with general jurisdiction over WFC.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate WFC with the any of the claims set forth in the First Amended Complaint. *See* Docket No. 137. WFC then filed a *Reply In Support Of Motion to Dismiss First Amended Complaint For Lack Of Personal Jurisdiction by Defendant Wells Fargo & Co.* stating that Plaintiffs' failed to address in its *Response* WFC's claims that the Court lacks personal jurisdiction over WFC. *See* Docket No. 164. WFC thus contends that by failing to address said argument, Plaintiffs' have conceded pursuant to Local Rule 7. Therefore, the *First Amended Complaint* should be dismissed with prejudice. Plaintiffs' filed *Plaintiffs' Sur -Reply To Reply To Motion In*

*Opposit[i]on To Motion To Dismiss Filed By Defendants (Docket Nos. 150, 151, 163, 164 & 168)* wherein Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. *See* Docket No. 185. Plaintiffs only reference WFC once by name in the *Sur-Reply*. Currently, this *Sur-Reply* is unopposed.

Hence, the Court lacks personal jurisdiction as Plaintiffs have not shown any "contacts" with WFC in this jurisdiction and further there is no general jurisdiction facts alluded by Plaintiffs in their answer to WFC lack of jurisdiction claims. Plaintiffs have the burden to prove jurisdiction once defendant properly has challenged personal jurisdiction. Plaintiff never addressed the issue. The Court further finds under Rule 12(b)(6) that there is an insufficiency of facts alleged to justify a remedy as to WFC, nor is there standing to sue under Article III of the United States Constitution, as stated in the Court's dismissal as to Banco Popular.

### G. Roosevelt REO PR. Corp., Roosevelt Cayman Asset Company II, and Rushmore Loan Management Services

In the *Motion to Dismiss the First Amended Complaint*, Roosevelt REO PR. Corp. ("REO PR"), Roosevelt Cayman Asset Company II ("Cayman") and Rushmore Loan Management Services ("Rushmore") move to dismiss this action with prejudice because the Complaint fails on four counts: 1) fails to state any claim for relief; 2) Plaintiffs lack standing to sue REO PR, Cayman and Rushmore; 3) Defendants are misjoinded, and 4) the *First Amended Complaint* is procedurally defective. *See* Docket No. 110.

In regards to the first flaw, REO PR, Cayman and Rushmore contend that the Complaint fails to state any claim for relief, or include any factual allegations that can help the above-mentioned Defendants determine what allegations are being brought against them. All three Defendants also claim that Plaintiffs thus fail in providing the bare minimum pleading requirements set forth in *Iqbal*, 556 U.S. at 678, and since reiterated by the First Circuit such as in

*Proal v. J.P.Morgan Chase Bank, N.A.*, 701 Fed. Appx. 12 (1st Cir. 2017) and *In re Curran*, 855 F.3d 19 (1st Cir. 2017). Further, the Defendants claim that without this "basic information," it is impossible to determine what allegations relate to REO PR, Cayman and Rushmore versus what allegations pertain to the other named Defendants in the case.

In regards to the second flaw, REO PR, Cayman and Rushmore avers that no Plaintiff has stated in the Complaint having suffered damages as a result of any action by any of the three stated Defendants. The three Defendant corporations explain that the *First Amended Complaint* lacks any allegations stating that a Plaintiff's loan were serviced or modified by any of them. The above-mentioned Defendants claim that this lack of specificity is sufficient proof for said Defendants to argue that Plaintiffs lack standing under Article III of the United States Constitution as to claims against them. *See* Docket No. 110 at 2. Accordingly, they state that the Court should dismiss the *First Amended Complaint. See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016)(wherein the First Circuit stated that "[j]ust as the plaintiff bears the burden of plausibly alleging a viable cause of action… so too the plaintiff bears the burden of pleading facts necessary to demonstrate standing" as no damages are alleged as to the three corporations. (internal citations omitted).

Regarding the *First Amended Complaint's* third purported flaw, Defendants REO RP, Cayman and Rushmore claim that all Defendants in the instant case are misjoined. Firstly, they all assert that Plaintiffs' allegations are so obscure, that it is impossible to determine which allegations stem from similar transactions and which do not. REO PR, Cayman and Rushmore argue that Plaintiffs instead seem to have included Defendants "willy-nilly". As such, Plaintiffs included "loan servicers (like Rushmore) and banks …, but also entities that are not engaged in Puerto Rico's loan industry (…Wells Fargo & Co.) and others that do not issue or handle loans at

all (the Tax Free Puerto Rico Target Maturity Fund, Inc.)." Docket No. 110 at 3. Hence, according to REO PR, Cayman and Rushmore, the case at bar does not involve common questions of law, and thus Defendants are misjoined under to Rule 20. *See Cruz*, 699 F.3d at 569.

Finally, the fourth fatal flaw that Defendants REO PR, Cayman and Rushmore contend is the fact that the Complaint fails to comply with the requirements set forth in Rules 8(a)(2), 9(b) and 10(b). For example, all three Defendants allege that Plaintiffs failed to comply with Rule 8(a)(2)'s "short and plain statement of claim" requirement. *See* Fed. R. Civ. P. 8(a)(2). Further, REO PR, Cayman and Rushmore argue that the *First Amended Complaint* should be dismissed because parties that alleged fraud must, pursuant to Rule 9(b), be specific and detailed in their allegations and here, Plaintiffs have failed to plead the elevated factual standard required under fraud allegations. *See Mulder*, 865 F.3d at 21 (quoting *U.S. ex rel. Heinman-Guta v. Guidant Corp.*, 718 F.3d 28, 34 (1st Cir. 2013)). Lastly, Defendants claim that Plaintiffs failed to comply with Rule 10(b), which requires Plaintiffs to state their claims in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). Accordingly, all of these procedural deficiencies, should be sufficient to dismiss the *First Amended Complaint*.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate REO PR, Cayman or Rushmore with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

For the reasons set forth above, under Rule 12(b)(6)- that is failure to set forth sufficient facts as basis for any claims- lack of constitutional standing under Article III of the United States Constitution and non compliance with Rule 8(a)(2), 10(b), and 9(b)-that is fraud specificity elevated factual standard- the Court grants dismissal as to Defendants REO PR, Cayman and Rushmore.

## H.  RNPM, LLC and TRM, LLC

In the *Motion to Dismiss and Joinder to Motions to Dismiss by Banco Popular and Lime Residential the First Amended Complaint*, Defendants RNMP, LLC ("RNMP") and TRM, LLC ("TRM") join, adopt and incorporate by reference all arguments set forth in *Motion to Dismiss the Complaint* filed by Banco Popular under Docket No. 96. *See* Docket No. 113 at 2.

Defendants RNMP and TRM contend that Plaintiffs lack standing to file suit against RNPM and TRM because the Complaint fails to establish any facts which may demonstrate that a Plaintiff had a relationship with either RNMP or TRM sufficient to associate Plaintiffs with standing against either Defendant. Defendants RNMP and TRM also state that Plaintiffs failed to comply with Federal Rules of Civil Procedure 8(a), 9(b) and 10(b). This analysis pertains to the fact that the *First Amended Complaint* fails to provide notice to Defendants, RNMP and TRM included, as to specific facts or actions that may inform them as to the violation of law. Both Defendants also state that Plaintiffs fail to state with particularity which scenarios constituted fraud, and finally RNMP and TRM also explain that by not numbering the claims in the *First Amended Complaint*, Plaintiffs failed to comply with Rule 10(b). As averred by RNMP and TRM, all of these procedural deficits should suffice to dismiss the *First Amended Complaint*. *See e.g., Silverthorne v. Yeaman*, 668 Fed. Appx. 354, 355 (11th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 687) ("The pleading requirements of Rule 9(b) for claims involving fraud or mistake do not allow a plaintiff to 'evade the less rigid—though still operative—strictures of Rule 8.'").

Defendants RNMP and TRM also claim that Plaintiffs failed to state a claim for which relief can be granted and the *First Amended Complaint* should likewise be dismissed for misjoinder of parties. Both corporations contend that this flow occurred as Plaintiffs failed to provide a valid claim for relief as well as to clarify how the claims arise from the same transaction

as required by Rule 20(a)(1). *See generally*, *Kalie v. Bank of America Corp.*, 297 F.R.D. 552, 557 (S.D. N.Y. 2013) ("These plaintiffs have failed altogether to allege that their 15 loans arise out of the 'same transaction, occurrence, or series of transactions or occurrences' as required by Rule 20(a)(1).")  RNMP and TRM thus ask the Court to dismiss the Complaint against them pursuant to Rule 21. *Id.* (quoting *Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 161 (S.D. N.Y. 2009) ("If a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 ... to sever parties or claims from the action."))

Moreover, RNMP argues that Plaintiffs lack personal jurisdiction pursuant to Rule 12(b)(1) since Plaintiffs have failed to show how their claims could assert the minimum contacts requirement for specific jurisdiction over RNMP, which is a Nevada registered Limited Liability Company with its principle place of business in Las Vegas, Nevada. RNMP is not registered under the laws of the Commonwealth of Puerto Rico and is a "foreign entity" according to Act No. 164 of 2009. *See* Docket No. 113 at 4. RNMP therefore states that Plaintiffs do not have personal nor general jurisdiction since RNMP is not "at home" in Puerto Rico. The Court agrees with RNMP's argument. While the First Circuit has not expressly ruled as much, other Circuits, such as the Ninth Circuit, have ruled that in order to exercise jurisdiction over a corporation, it contacts must be "at home." *See, e.g.*, *Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) (wherein the Ninth Circuit held that in-state service of process was not sufficient under due process clause for a court to have personal jurisdiction over the corporation). Furthermore, "[a] court may exercise general personal jurisdiction over a corporation only when its contacts 'render it essentially at home' ". *Id.* at 1064. Defendant RNMP thus wishes to join and incorporate all legal arguments

related to lack of personal jurisdiction set forth in the *Motion to Dismiss* filed by Lime Residential, Ltd. under Docket No. 102.[9] *See* Docket No. 113 at 4.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations which may relate RNMP and TRM with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

The Court prefers to dismiss the instant case under Rule 12(b)(6) and lack of specificity as to Rule 9(b).

## I.  James B. Nutter & Company and Federal National Mortgage Association

As for both *James B. Nutter & Company and Federal National Mortgage Association's Motion to Dismiss and/or Strike, or Stay Plaintiffs' First Amended Complaint*, (hereinafter referred to as "JNBC" and "Fannie Mae" respectively), allege while they are included in the caption as Defendants, there are no specific claims against either Defendant in the *First Amended Complaint* and thus the Complaint should be dismissed. *See* Docket No. 114. Furthermore, Defendants JNBC and Fannie Mae move to join Oriental Bank and Banco Popular's motions to dismiss pursuant to *Defendants James B. Nutter & Company And Federal National Mortgage Association's Motion to Join Defendants Oriental Bank Puerto Rico And Banco Popular Puerto Rico's Motions to Dismiss. See* Docket No. 115.

In regards to most of its claims, JNBC and Fannie Mae use the same rationale as many of the above-mentioned Defendants. Firstly, JNBC and Fannie Mae state that Plaintiffs *First Amended Complaint* fails at all levels to meet the pleading requirements set forth in Rule 8 and Rule 12(b)(6) as to both defendants. In essence, both Defendants echo what the Court of Appeals

---

[9] The Court notes that Docket No.102, which Defendant RNMP seeks to join as shown in their *Motion to Dismiss* filed under Docket No. 113, reports the following notice in the Docket: "FILED IN ERROR Incorrect PDF." Lime Residential Ltd. refiled their *Motion to Dismiss First Amended Complaint* a day later under Docket No. 119. Considering Lime Residential Ltd.'s *Motion* was refiled due to a technical error, the Court treats RNMP's *Motion to Dismiss* as a desire to join Lime Residential Ltd.'s subsequent correctly filed motion. The Court authorized the Motion to Dismiss and will not consider the previous as there is a note of "Filed in Error".

has repeated several times throughout this Order: plaintiffs will not have a plausible case for relief if they only include "a formulaic recitation of the elements of a cause of action." *Rodriguez-Lebron v. Centro Medico del Turabo, Inc.*, 2016 WL 9460001, at 2 (citing *Twombly,* 550 U.S. at 555). Significantly, the First Circuit has stressed that unadorned factual assertions as to the elements of the cause of action are inadequate. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d at 596. "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* For this reason, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d at 49.

Both Defendants also contend that Plaintiffs' class allegations should be dismissed. Specifically, JNBC and Fannie Mae attest that Plaintiffs do not meet the "predominance" standards set forth in Rule 23(b) because Plaintiffs have failed to show how they have one common issue. Further, individualized actions against Defendants remain, which may overcome alleged common issues.[10] Further, both Defendants claim that since Plaintiffs failed to provide details regarding class members, such as dates of foreclosures or relevant mortgage documents, the alleged class action would instead turn into multiple "mini-trials." Docket No. 114-1 at 8. Similarly, Circuit courts have typically rejected RESPA and TILA class action certifications because they have presented cases that are best assessed independently. *See generally, Benavides v. Chicago Title Ins. Co*., 636 F.3d 699 (5th Cir. 2011); *Howland v. First American Title Ins. Co.*, 672 F.3d 525 (7th Cir. 2012); *Stout v. Byrider*, 228 F.3d 709 (6th Cir. 2000).

---

[10] In regards to this, JNBC and Fannie Mae repeat Banco Popular's argument regarding the misjoinder of parties. JNBC and Fannie Mae recognize that although Banco Popular framed their misjoinder argument pursuant to Rule 20 and Rule 21, the same rationales apply when attempting to dismiss the Complaint pursuant to Rule 23. *See* Docket No. 114-1 at 7 n. 6; Docket No. 96 at 11-14; *see also*, the rationale used by Defendant Banco Popular regarding misjoinder of Defendants and Plaintiffs, *supra* section A of Part III of this Opinion and Order. The Court clarifies that the remedy as to misjoinder is not a dismissal with prejudice but a dismissal without prejudice reversing the consideration with other plaintiffs.

JNBC and Fannie Mae also contend, as do many of the Defendants in their respective *Motions to Dismiss*, that Plaintiffs lack Article III standing. Both Defendants emphasized that the same as a plaintiff must demonstrate that they meet the standing requirements, so too must a class surpass the standing requisites. *See, e.g. Simon c. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 39 n. 20 ("That a suit may be a class action, … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class.'") Moreover, the Supreme Court has been clear that a violation to a statutory right is not sufficient to prove that a person, and even less a member class, suffered an injury as a result of said violation. See *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016), a plaintiff does not "automatically … [satisfy] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. … Robins could not … allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement."

Next, Defendants JNBC and Fannie Mae state that Plaintiff's TILA and RESPA claims fail as matter of state law. Apart from Defendants allegations that Plaintiffs failed to include any concrete examples of how any of the Defendants violated those statutes, Defendants JNBC and Fannie Mae mostly base their arguments on the fact that any claims pursuant to the above-mentioned statutes are time-barred.

In terms of the first-named Plaintiff, Lilliam Gonzalez, Defendants JBNC and Fannie Mae argue that her mortgage was executed in 1998, almost twenty years ago. *See* Docket No. 114-1 at 11. Further, to be eligible to sue for damages under TILA, Plaintiff must file her suit within one year from the date of violation. Otherwise, the Court should dismiss her complaint. *See* 15 U.S.C.

§ 1563(f). At most, Plaintiff Gonzalez would have three years after the issuance of credit. *Id.*; *see also*, *Philibotte v. Nisource Corporate Services Co.*, 793 F.3d 159 (1st Cir. 2015) (holding that Philibotte's claims under TILA were barred by the statute of limitations and equitable tolling of TILA limitations was not justified).

Hence, Plaintiff Gonzalez's claims have surpassed both possible statutes of limitations. This is especially true considering that "[t]he limitations clock began to tick when the loans were consummated, that is, the day after the parties became contractually bound." *Cordova v. Banco Bilbao Vizcaya de Puerto Rico*, 73 F. Supp. 2d 133, 136 (1999); *see also*, *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 614, 646 (8th Cir. 1980) (holding that the transaction was consummated when plaintiff signed mortgage note). Plaintiffs mention briefly that equitable tolling statutes are applicable to their case; however, "plaintiffs must still exercise reasonable diligence in discovering that they have been the victims of fraud." *Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 26 (1st Cir. 1997). Here, Plaintiffs, including first-named Plaintiff Gonzalez, have failed to do the same and furthermore failed to provide any facts related to any instance of fraud which may prove that equitable tolling is justified.

Plaintiffs' RESPA claims also fail because Plaintiffs did not include factual allegations to support any REPSA violations by JNBC or Fannie Mae. Pursuant to the TILA claims, both Defendants claim that the RESPA claims are time-barred since the statute provides that plaintiffs have one to three years to file the respective claims from the date of the loan agreement signature. *See* 15 U.S.C.A. §1640(e). In essence, Courts tend to "interpret [the beginning of the tolling period] … to mean the date of the relevant closing." *Clemmons v. Mortgage Electronic Registrations Systems, Inc.*, 2014 WL 12013437, at *5 (9th Cir. 2014). Nonetheless, regardless of

which RESPA provision Plaintiffs allege, all their claims are time-barred since the mortgage of the Plaintiff Gonzalez was in 1998.

Likewise, defendants JNBC and Fannie Mae also allege that Plaintiffs reference throughout their Complaint, albeit indirectly, that Defendant have violated the Home Affordable Modification Program (HAMP) provisions. *See* Docket No. 5 at 31. However, Defendants JNBC and Fannie Mae contend that Plaintiffs cannot include such allegations in their suit because HAMP provides no private right of action. The Court agrees with JNBC and Fannie Mae's arguments. *See Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, (3rd Cir. 2017) (citing *Puzz v. Chase Home Fin., L.L.C.*, 763 F.Supp.2d 1116, 1123 (D. Ariz. 2011)) ("Even assuming that HAMP guidelines encourage lenders to provide [certain benefits] to their debtors, there is no authority for the proposition that HAMP or its regulations or guidelines create a private right of action against lenders who begin foreclosure without doing so.")

Similarly, defendants JNBC and Fannie Mae argue that Plaintiff's breach-of-contract claims fail outright because Plaintiffs does not plead an enforceable contract. Both Defendants plead similar arguments to previously stated claims by other Defendants in the instant case.[11] In essence, JBNC and Fannie Mae allege that Plaintiffs "have not only failed to allege a valid contract, but they have also failed to allege that they had any contract with Fannie Mae or JBNC and that either party breached that agreement." Docket No. 114-1 at 15.

Plaintiffs, however, claim that a "valid" contract was enacted between Plaintiffs and Defendants through the modification of Plaintiff's mortgage dues. *See* Docket No. 5 at 25. Defendants JNBC and Fannie Mae argue that Plaintiffs cannot assert that a breach-of-contract occurred simply because their "expectations" regarding the contract were unmet. Likewise,

---

[11] *See* the rationale used by Defendant Banco Popular to counter Plaintiffs' breach-of-contract allegations, *supra* section A of Part III of this Opinion and Order.

Defendants JNBC and Fannie Mae allege that Plaintiffs failed to plead facts that can link the alleged breach-of-contract with the injuries they sustained as a result of said breach, and said claims should therefore be dismissed. The First Circuit has been consistent in stating that the damages sought by the alleged wrongful act do not affect the contract but is limited to damages. *See Jakobiec v. Merrill Lynch Life Ins. Co.*, 711 F.3d 217, 224 (1st Cir. 2013)(quoting *Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust,* 130 N.H. 673, 679 (N.H.1988)) ("A defendant who breaches a contract is only liable for the damages caused by its breach. ... '[O]ne who claims damages [for breach of contract] ... must, by a preponderance of the evidence, show that the damages he seeks were caused by the alleged wrongful act' ").

Plaintiffs also bring supplemental jurisdiction claims related to Act No. 184 of August 17, 2012 and Act No. 169 of August 9, 2016, as well as purported violations to Articles 1802 and 1803 of the Puerto Rico Civil Code. However, JNBC and Fannie Mae contend that considering that this Court should dismiss all federal claims, supplemental jurisdiction over the state claims should not be attended. *See* 12 U.S.C. §1367(c). Furthermore, JNBC and Fannie Mae explain that regardless if this Court chooses to exercise supplemental jurisdiction over the claims, the state claims should be dismissed because they fail as matter of law. In sum, JNBC and Fannie Mae's allegations echo other Defendants' comments regarding Plaintiffs' state law claims.[12]

Defendants JNBC and Fannie Mae also argue that Act. No. 184 and Act No. 169 were both enacted after Plaintiffs initially filed their suit in the Court of First Instance. The state court case was filed on March 21, 2010, while Act No. 184 was enacted on August 17, 2012 and Act. No. 169 was enacted on August 9, 2016. Docket No. 114-1 at 24.[13]

---

[12] *See* the rationale used by Defendant Banco Popular regarding Plaintiffs' state law claims, *supra* section A of Part III of this Opinion and Order.

[13] After reviewing Acts No.169-2016 and 184-2012, the Court notes that neither Act includes a retroactivity clause. Also, after examining the Statement of Motives of both Acts, the Court notes that Act No. 184-2012 was enacted to

Further, this entire matter is left for the local courts to establish as the federal court should not be engaged in trailblazing local laws. *See Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc.*, 124 F.3d 252, 262-63 (1st Cir. 1997). Notwithstanding, the Supreme Court of the United States as well as the Supreme Court of Puerto Rico have set forth a doctrine generally prohibiting the application of new laws to already existing contracts. That is contracts that were signed years prior to the enactment of the law. *Douglass v. Pike County*, 101 U.S. 677, 687 (1879)("The true rule is to give a change of judicial construction in respect to a statute the same effect in its operation on contracts and existing contract rights that would be given to a legislative amendment; that is to say, make it prospective, but not retroactive."); *Vazquez v. Morales*, 114 D.P.R. 822, 832 (1983).

In regards to claims under Puerto Rico's tort statute, namely Articles 1802 and 1803 of the Puerto Rico Civil Code, JNBC and Fannie Mae state that Plaintiffs have failed to include specific facts to prove how either Defendant committed tortuous acts against any of Plaintiffs. In essence, JNBC and Fannie Mae state that Plaintiffs failed to show three essential elements of liability: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (i.e., proximate cause)." *Sanchez ex rel. D.R.-S v. U.S.*, 671 F3d. 86, 109 (1st Cir. 2012). Moreover, Plaintiffs failed to comply with the one-year statute of limitations since more than a year has passed since the state court case was filed. *See* Docket No. 114-1 at 18.

Defendants JNBC and Fannie Mae also contend that leave to amend should be denied because all Plaintiffs' claims either fail as matter of law, are time-barred or have failed to plead

---

deal with the Goldman Sachs mortgages, whereas Act No. 169-2016 was enacted to address the economic crisis and provide an alternative to homeowners to avoid home foreclosure. Most of the contracts alleged were signed prior to the years 2012 and 2016. Said contracts say they shall not be affected by subsequent legislation under the expo facto doctrine unless there is a clear intent to make the law retroactive. *Union Pacific R. R. Co. v. Laramie Co.*, 231 U.S. 190 (1913); *Kindleberger v. Lincoln National Bank*, 155 F. 2d 281 (D.C. Cir. 1946); *Hiatt v. Hilliard*, 180 F.2d 453 (5th Cir. 1950); *Peony Park, Inc. v. O'Malley*, 223 F.2d 668 (8th Cir. 1955).

any particularized fact which can demonstrate how exactly JNBC or Fannie Mae injured the Plaintiffs. JNBC and Fannie thus believe that granting a leave to amend again is ineffective because Plaintiffs have provided "no indication that [they]… were ready to conform to Rule 8(a)'s requirements." *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993).

Finally, Defendants JNBC and Fannie Mae invoke the *Colorado River* doctrine wherein a court may dismiss or stay a concurrent federal proceeding when a similar case has been filed in the state court. To comply with this doctrine, a federal court may assess factors such as "the inconvenience of the federal forum…; the desirability of avoiding piecemeal litigation…; and the order in which jurisdiction was obtained by the concurrent forums." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976) (internal citations omitted); *see also*, *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1295 (1st. Cir. 1998) wherein the First Circuit added other factors to the *Colorado River* doctrine, but which this Court understands are not related to the current discussion. Another main purpose of the doctrine is to avoid inconsistent results between the state and federal courts. While not all factors must be taken into account, JNBC and Fannie Mae allege that when applying these principles in similar circumstances such as the case at bar, district courts have found abstention by the federal court to be appropriate. This is especially true considering that the state court case filed by first-named Plaintiff Lilliam Gonzalez, filed prior to the filing of the federal action and involving similar claims against Fannie Mae as those included in the federal suit, is still pending at the state level. *See generally*, *Amvest Corp. v. Mayoral Army*, 778 F.Supp.2d 187 (D.P.R. 2011) (holding that the District Court should abstain under *Colorado River* from considering foreclosure cause of action since a similar state action was pending); *see also*, *Server v. Nation Star Mortgage, LLC*, 2017 WL 3097493, at * 7 (D. Conn. 2017).

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations which may relate JBNC or Fannie Mae with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137. JNBC and Fannie Mae then filed a *James B. Nutter & Company And Federal National Mortgage Association's Reply In Support Of Their Motion To Dismiss And/Or Strike, Or Stay Plaintiffs' First Amended Complaint* wherein they stated that Plaintiffs' failed to include in their *Response* any counterarguments to JNBC and Fannie Mae's allegations. Further, JNBC and Fannie Mae assert that the Complaint should be dismissed because in their *Response*, Plaintiffs' failed to state a claim for which relief can be granted, Plaintiffs were misjoined, Plaintiffs failed to properly plead a Class Action under Rule 23, Plaintiffs failed to oppose most of JNBC and Fannie Mae's arguments, and leave to amend should likewise be denied. *See* Docket No. 151. Plaintiffs' filed *Plaintiffs' Sur -Reply To Reply To Motion In Opposit[i]on To Motion To Dismiss Filed By Defendants (Docket Nos. 150, 151, 163, 164 & 168)* wherein Plaintiffs' refute in general terms allegations included in the various *Replies* filed separately by several of the named Defendants. *See* Docket No. 185. Plaintiffs only reference JNBCC and Fannie Mae once by name in the *Sur-Reply*. Currently, this *Sur-Reply* is unopposed.

The Court therefore dismisses all federal causes of actions for the reasons stated by arguments including lack of facts in the Complaint under Rule 12(b)(6); lack of specificity as to fraud under Rule 9; lack of compliance with the causes of action under Rule 23(b)(preponderance standard); also TILA and RESPA claims should be assessed independently. Further there is a lack of standing under Article III of the United States Constitution as well as to the fraud allegations

due to lack of specificity under Rule 9(b) as to the Plaintiffs with JNBC and Fannie Mae. As stated under, all state causes of action are dismissed without prejudice.[14]

### J.   Lime Residential, Ltd.

Defendant Lime Residential, Ltd. ("Lime") moves to dismiss this action with prejudice based upon Plaintiffs' failure to comply with Rules 8(a)(2), 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(6). *See Defendant Lime Residential, Ltd.'s Motion to Dismiss Plaintiffs' First Amended Complaint* filed under Docket No. 119. In regards to the alleged violations of Rule 8(a), Lime states that Plaintiffs' *First Amended Complaint* consists entirely of incoherent allegations and recitations of statutory law. Instead of explaining how Lime violated its purported obligation, Plaintiffs instead "lump together a handful of conclusory generalizations about loan modifications and foreclosures that are plead indiscriminately as to all defendants." Docket No. 119 at 3. Furthermore, Lime contends that "Plaintiffs' kitchen-sink approach to naming parties and alleging so-called claims give no apparent consideration to presenting a manageable class action in which common issues prevail over individual ones, as require by Fed. R. Civ. P. 23." *Id.* at 4. Hence, styling the Complaint as a class action lawsuit does not relieve Plaintiffs of their responsibility to meet the pleading standards of Rule 8(a).

In regards to dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(2), Lime states that Plaintiffs lack both subject-matter and personal jurisdiction. Specifically, Lime contends that Plaintiffs lack specific jurisdiction over Lime, because Lime is incorporated under the laws of the Bahamas and its principle place of business is in New York, New York. *See Id.* at 2. Likewise, Lime explains that Plaintiffs failed to reference any activities conducted by Lime in Puerto Rico, which may suffice to grant minimum contacts, and thus create personal jurisdiction, over Lime.

---

[14] The Court has serious doubts as to Act 184 as the law was enacted to deal with Goldman Sachs mortgages cases. The instant cases are not related to Goldman Sachs and the law is further not retroactive in nature. The Court leaves these matters to local court.

*See Extreme LLC v. Extreme Electronics Corporation*, 2017 WL 3098092, at *2 (D.P.R. 2017)("[T]he plaintiff must submit properly supported facts and 'make affirmative proof' [to establish subject matter jurisdiction]." Lime thus contends that Plaintiffs have failed to do the same.

In regards to Lime's request for dismissal due to Plaintiffs' failure to comply with Rule 12(b)(6), Lime argues that Plaintiffs have failed to state a claim for which relief can be granted. Similar to other Defendants' allegations, Lime contends that Plaintiffs' *First Amended Complaint* lacks factual content that may prove that Lime is liable. The First Circuit has repeatedly stated that Plaintiffs must state with specificity facts which may prove that they are eligible for relief under Rule 12(b)(6). *See Woods v. Wells Fargo Bank, N.A*, 733 F.3d 349, 358 (1st Cir. 2013)("In analyzing whether a complaint has stated a claim sufficient to satisfy Rule 12(b)(6), we … look at the factual allegations to 'determine if there exists a plausible claim upon which relief may be granted.' "). Lime thus states that "[b]ecuase the Plaintiffs allege no facts whatsoever about Lime's interactions with any individual borrower, Plaintiffs have alleged no plausible basis on which to maintain any claim against Lime." Docket No. 119 at 3-4.

Finally, alongside these Rules violations, Lime also states that Plaintiffs failed to comply with Rule 12(b)(4), which regulates service of process, and Rule 15(a)(1), which regulates amendments to pleadings made by either party in a lawsuit. In regards to Rule 12(b)(4), Lime contends that Plaintiffs failed to serve Lime with the *First Amended Complaint* and instead served Lime with a document which combined pages from the First and *Second Amended Complaint*. *See* Docket No. 119 at 2 n.3. The First Circuit has stated that service of a wrong complaint, which Lime contends is inoperative, is sufficient to justify dismissal. *See generally*, *Benjamin v. Grosnick*, 999 F.2d 590 (1st Cir. 1993) (holding that dismissal of the complaint was proper

because although summons cited the appropriate cases, the defendant was served with the wrong complaint). Finally, Lime explains that pursuant to Rule 15(a)(1), the second and third amended complaint were correctly stricken from the record because they failed to comply with the aforementioned Rule. As such, leave to amend would be futile since, "as plaintiffs themselves admit, the proposed amendments do not 'alter or substantively modify the allegations contained in the original Complaint.'" Docket No. 119 at 4 (citing Docket No. 94 at 4 ¶5).

Lime adopts, for purposes of its *Motion to Dismiss*, Oriental Bank's *Motion to Dismiss* filed under Docket No. 16. *See* Docket No. 119 at1; *see also* Docket No. 16.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations that may relate Lime with the any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

After analyzing the issues, the Court grants the dismissal of the case against Lime based on lack of jurisdiction as to subject matter and personal jurisdiction. Lime was incorporated in Bahamas and its principal place of business in the state of New York. As to this Defendant, Plaintiffs have failed to allege that Lime executed any activity whatsoever as to between Lime and the Plaintiffs which occurred in Puerto Rico. Hence, there is a lack of sufficient facts showing minimal contacts as to Lime on Puerto Rico, and hence there is a lack of personal jurisdiction pursuant to local law, under the long arm statute in Puerto Rico or tortious acts in Puerto Rico all under *International Shoe Co.*, 326 U.S. at 310; *Harlow*, 432 F.3d at 57. Here, dismissal is warranted as to lack of contracts under Rule 12(b)(1) specifically because Plaintiffs failed to prove federal jurisdiction after the declaratory statement provided by Lime. Further there is no facts provided as to Plaintiffs and Defendant Lime and hence there is a 12(b)(6) insufficiency and lack of standing. All of this yields to a lack of factual allegations "to determine if there exists a

plausible claim upon which relief may be granted." *Folley,* 772 F.3d at 549. Finally, Plaintiffs "kitchen type" approach (also known as "shotgun" pleadings in the 11th Circuit) has created lack of compliance with Rule 8(a) also causing dismissal.

### K. Federal Home Loan Mortgage Corporation

In *Freddie's Amended Motion to Dismiss the Amended Complaint*, Defendant Federal Home Loan Mortgage Corporation (hereinafter referred to as "Freddie") moves to dismiss this action based on Plaintiffs' failure to comply with Rule 8(a) and 12(b)(6) and due to parties being misjoined. *See* Docket No. 131.

In regards to allegations that Plaintiffs failed to comply with Rule 8(a) and Rule 12(b)(6), Defendant Freddie argues that Plaintiffs' "shotgun pleading" should be dismissed as a matter of law for failure to plead the minimum required by Rule 8(a) and for failure to state a claim for which relief can be granted as required by Rule 12(b)(6). Furthermore, Freddie contends, in a similar fashion to most of the Defendants in the instant case, that while it was included in the caption as a Defendant, Plaintiffs failed to state a single fact to support a claim against Freddie.

Additionally, Freddie alleges that the *First Amended Complaint must* be dismissed as a matter of law, because Plaintiffs' state law claims cannot be certified pursuant to Rules 20 and 21. Freddie further invalidates Plaintiffs' class certification pursuant to Rule 23(c)(1)(A). Plaintiffs seek to certify the following members as part of the Class: thirty-three (33) separate and unrelated households, one (1) estate, seven (7) conjugal partnerships and forty-nine (49) unidentified Plaintiffs. *Id.* at 3. Freddie deduced from the Complaint that at least one of the 20 or so joined Defendants entered into separate trial modification agreements with at least one of the thirty-three households. Further, each plaintiff had to fulfill the terms of the agreement established with the Defendants. Moreover, in each alleged transaction, the co-defendant assigned to said specific

transaction failed to uphold their promise of a permanent agreement. Freddie, however, states that treating each of these individualized cases will "overwhelm the case…and preclude class treatment as a matter of law." *Id.* Defendant Freddie then cites the case of *PPV Connection, Inc.*, 679 F.Supp.2d at 254, wherein this Court asked Plaintiffs to show cause as to why multiple sets of co-defendants "should not be dismissed for improper joinder," specifically in regards to Rules 20 and 21. In *PPV Connection, Inc.*, this Court determined that all co-defendants, except the first-named party, were improperly joined and dismissed without prejudice all claims against the defendants. Freddie thus contends that the case at bar by the alleged class, which has yet to be certified, should be dismissed as well. This occurs as well since Rule 23, which set forth the requisites of class certification, should not be considered a pleading standard, rather, a party must "be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact," a set of claims or defenses, and adequacy of representation. *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Since the Plaintiffs have failed to do the same, their claims should be dismissed.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations which may relate Defendant Freddie with any of the claims set forth in the *First Amended Complaint*. *See* Docket No. 137.

The Court therefore dismisses the *First Amended Complaint* under Rule 12(b)(6) and Rule 8(a) because there is a lack of facts connecting Plaintiffs and Defendant to "determine that there exists a plausible claim upon which a relief may be granted". *Woods v. Wells Fargo Bank N.A.,* 733 F.3d at 358. Further the Court finds that there is an improper joinder under Rules 20 and 23. Specifically, the Complaint lacks of common questions of law and facts wherein plaintiffs are not identified in connection with other defendants' causes of action, thus merely concluding without

facts are insufficient. Plaintiffs are required "to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact" of the class action. *Wal-Mart Stores, Inc.,* 564 U.S. 350.

### L. Operating Partners Co., LLC

In the *Motion to Dismiss the Amended Complaint*, Defendant Operating Partners, LLC ("OPC") moves to dismiss this action, with prejudice, mainly based on the following allegations: Plaintiffs' failed to state a claim for which relief can be granted; OPC was improperly joined under Rule 20(a)(1); there is no standing to bring a claim against OPC; and Plaintiffs' Amended Complaint failed to comply with Rule 8(a)(2), Rule 9(b), 10(b). *See* Docket No. 132 at 2. Furthermore, OPC claims, that while it was included in the caption as a Defendant, Plaintiffs failed to state a single fact to support a claim against OPC.

In regards to most of its claims, OPC uses the same rationale as many of the other named Defendants. OPC, for example, examines the plausibility standard established in *Twombly,* 550 U.S. at 555-557*,* and *Iqbal,* 56 U.S. at 680-681, to determine that Plaintiffs' "merely conclusory allegations" do not suffice to prove a cause of action and are thus the Complaint should be considered deficient pursuant to Rule 8. OPC also alleges that Plaintiffs failed to state a claim under RESPA, HAMP, HARP, TILA, Act No. 184, Act No. 169 and Regulation Z and therefore all claims under said statutes should be dismissed. In general, OPC alleges that Plaintiffs failed to specify how OPC, in particular, violated said statutes. The Court agrees that these claims are to be dismissed.

Furthermore, OPC states that Plaintiffs failed to meet the required standing pursuant to Article III of the United States Constitution, because Plaintiffs did not state how they suffered an injury because of OPC's actions, nor did they provide any proof that OPC serviced, provided or modified loans to any of the Plaintiffs. *See United Sates v. Catala*, 870 F.3d 6, 9 (1st Cir.

2017)(citing *Lujan*, 504 U.S. at 560), wherein the First Circuit stated that "Article III standing requires a plaintiff to identify an actual injury, traceable to the adverse party's conduct, that likely can be redressed by a favorable decision." Moreover, OPC alleges that they closed operations in 2015. *See* Docket No. 132 at 10, 13.

In a similar fashion to other Defendants, OPC also states that it was improperly joined under Rules 20(a)(1) and 23(c)(1)(a). OPC's claims that no named Plaintiff, regardless of their name or loan number, has a loan with OPC. As much, the Court should drop OPC from the present suit. OPC also states that Plaintiffs' fraud claims should be dismissed because pursuant to Rule 9(b) a party must specify with particularity which circumstances constituted fraud by the named party, in this case OPC. Plaintiffs, however, have failed to do the same and their claims to the contrary should be dismissed.[15] OPC further states that they have no contractual obligations with the Plaintiffs and as such, they cannot be sued for a breach of contract.

OPC further alleges that Plaintiffs' state law claims should be dismissed and thus the court should not grant supplemental jurisdiction over the state law claims. OPC asserts that even if this Court exercises supplemental jurisdiction over the state law claims, said claims would not survive the plausibility standards set forth in *Twombly* and *Iqbal*. *See* Docket No. 132 at 14. Finally, OPC contends that this Court should dismiss attorney's fees and costs upon Plaintiffs because they filed a frivolous complaint against OPC. This, OPC alleges, is a direct breach of Fed. R. Civ. P. 11, "Rule 11."[16] As OPC understands that this complaint is frivolous, sanctions are warranted to both

---

[15] *See* the rationale used by Defendant Banco Popular regarding Plaintiffs' Rule 9(b) violations, *supra* section A of Part III of this Opinion and Order.

[16] Rule 11(b) asks that attorneys attest to the fact that their Complaint:

"1) …is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law …; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

Plaintiffs and their attorneys. *See* Fed. R. Civ. P. 11(c). OPC urges the Court that that the instant complaints filed by Plaintiffs should result in Rule 11(b) sanctions. *See, e.g., Union de Tronquistas de Puerto Rico, Local 901 v. Cadillac Uniform & Linen Supply, Inc.*, 257 F.Supp.3d 188, 193 (D.P.R. 2017), wherein this Court stated that:

> Altogether, it seems the Union filed this petition either without conducting adequate preliminary legal research, or in an effort to punish Cadillac by imposing additional post-arbitration legal fees. The former is vexatious because the petition lacks foundation; the latter is an oppressive reason for filing suit. … Either way, the Court finds—in its discretion—that an award of attorney's fees and costs in favor of Cadillac is appropriate.

In their *Response in Opposition to Motions to Dismiss*, Plaintiffs failed to include any factual allegations which may relate OPC with the any of the claims set forth in the First Amended Complaint. *See* Docket No. 137. OPC then filed a *Reply to Opposition to Motion to Dismiss* wherein it stated that Plaintiffs' Response was "a generic and unspecific opposition to motion" and that Plaintiffs' continued to assert that the Parties were not misjoined. Docket No. 154 at 2. OPC further claims that Plaintiffs' failed to comply with the *Iqbal* and *Twombly* standards and with the pleading standards required by RESPA, HAMP, HARP, TILA, Regulation Z and Acts No. 184-2012 and 169-2016. OPC also claims that Plaintiffs' failed to include in their *Response* any counterarguments to OPC's allegations that Plaintiffs' lack standing, failed to join parties, failed to meet the standards to prove fraud and breach of contract and even failed to oppose the request for dismissal of state claims. OPC therefore contends that Plaintiffs' claims, by not referencing said arguments in their *Response*, are unopposed. Therefore, the *First Amended Complaint* should be dismissed and OPC repeats its previous statements that the Court should

---

discovery; and (4) the denials of factual contentions are warranted on the evidence or, …, are reasonably based on belief or a lack of information.

Failure to comply with this section of the Rule 11 is sufficient for the Court to impose attorney's fees on the infringing party's attorneys. *See* Rule 11(c).

impose attorneys' fees on Plaintiffs pursuant to Rule 11. *See generally,* Docket No. 154. Plaintiffs'

filed *Plaintiffs' Sur -Reply To Reply To Motion In Opposit[i]on To Motion To Dismiss Filed By*

*Defendants (Docket Nos. 150, 151, 163, 164 & 168)* wherein Plaintiffs' refute in general terms

allegations included in the various *Replies* filed separately by several of the named Defendants.

*See* Docket No. 185. Plaintiffs only reference OPC once by name in the *Sur-Reply*. Currently, this

*Sur-Reply* is unopposed.

The Court grants the dismissal as in other cases under Rules 8(a) and 12(b)(6) as the

Plaintiffs fail to allege facts as to the Plaintiffs having plausible cause of actions against the

defendants to the point that "no single fact supports a claim" against OPC. The allegations

constitute merely conclusory in nature included RESPA, HAMP, HARP, TILA. The Plaintiffs do

not have a cause of action identified against defendant, and hence has a lack of standing as

Plaintiffs have no injury as required by Article III of the United States Constitution. Further, OPC

is not identified as having served, provided or modified loans to any particular client. Further there

is a lack of compliance with Rules 20 and 23 as to an improperly joined party. Fondly all frauds

claims should be dismissed under Rule 9(b) as the facts against OPC do not reach the required

standard under Rule 9(b) as to specify of facts on the record. The Defendant request for fees under

Rule 11 is premature as the request is to be made pursuant to the Local Rules for the United

States District Court for the District of Puerto Rico, Local Rule 54(a) fees and (b) costs.

### M. Claims under State Law

Substantive state law claims, or those constituted under statutory laws, against Defendants

are to be dismissed without prejudice. Plaintiffs have filed claims under the Puerto Rico Law No.

184 of 2012, Law No. 169 of 2016, Puerto Rico Civil Code Article 1802, and Puerto Rico Civil

Code Article 1803. However, the Court's exercise of supplemental jurisdiction in a case in which

there is no cause of action under a federal statute is discretionary. *See* 28 U.S.C. § 1367(c)(3). The First Circuit has stated that "[t]he Supreme Court has made pellucid 'that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.' " *Rivera-Diaz v. Humana Insurance of Puerto Rico, Inc.*, 748 F. 3d 387, 392 (1st Cir. 2014)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

Further, the First Circuit has also addressed the actions as to the federal court reassessing its jurisdiction in regards to jurisdiction over state claims. In *Camelio v. American Foundation*, 137 F. 3d 666, 672 (1st Cir. 1998) the First Circuit stated that "[i]f…the Court dismisses the foundational federal claims, it must reassess its jurisdiction. … 'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.' " *Id.* (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). *See also Rodriguez v., Doral Mortg. Corp.*, 57 F. 3d 1168, 1176-77 (1st Cir. 1995) (wherein the First Circuit explained that the court may dismiss the state claims without prejudice should federal claims be dismissed). Hence, in the case at bar, the Court chooses not to exercise supplemental jurisdiction over the pending state claims.

However, as to all of the Defendants' claims that have been dismissed on the grounds of lack of personal jurisdiction and minimal contacts as to Puerto Rico under Rule 12(b)(1), the dismissal of the state causes of action is **with prejudice** because the Court has determined that said Defendants are not covered under the local law long arm statute nor under federal minimum contacts.[17]

---

[17] These Defendants are Wells Fargo & Company, Lime Residential Ltd., and RNPM, LLC and TRM, LLC.

## IV.    CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** all of Defendants' Motions to Dismiss at Dockets Nos. 96, 99, 103, 104, 107, 108, 110, 113, 114, 119, 131, 132), and the Motion for Joinder (Docket No. 115).  Judgment of dismissal with prejudice is to be entered as to all named Defendants. All local claims are dismissed without prejudice as this Court has dismissed all federal claims, and hence exercised its discretion to dismiss the local claims. *See* <u>Rivera-Diaz v. Humana Insurance of Puerto Rico, Inc.</u>, 748 F. 3d 387, 392 (1st Cir. 2014)(quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988)).

The Court notes that on July 19, 2017, Plaintiffs filed a *Third Amended Complaint*, which was stricken from the record because the Plaintiffs did not seek the court's leave to amend. *See* Docket No. 85. Specifically, Rule 15 of the Federal Rules of Civil Procedure requires that if the pleading has been amended once or 21 days have passed after serving the pleading, then a "party may amend its pleading only with the opposing party's written consent or **the court's leave**" F.R.Civ.P. 15(emphasis ours). Due to the Plaintiffs failure to seek the Court's leave , the *Third Amended Complaint* was stricken from the record. Nonetheless, the Court notes that Plaintiffs did not request leave to amend the complaint *after* the *Third Amended Complaint* was stricken for not complying with F.R.Civ.P. 15. As such, the Court was forced to solely rely on the allegations set forth in the *Amended Complaint* filed at Docket No. 5 in this *Omnibus Opinion and Order*.

Moreover, a " 'district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.' " *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572-73 (6th Cir. 2008) (*citing Stambaugh v. Corrpro Cos.*, 116 Fed.Appx. 592, 598 (6th Cir.2004)). Requiring the district court to both state the reasons for its dismissal and then allow Plaintiffs to amend the Complaint without them having asked permission would be akin to

mandating the district court to issue an advisory opinion. *Winget*, 537 F,3d at 573. "Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir.2004) (*quoting Begala v. PNC Bank*, Ohio, N.A., 214 F.3d 776, 784 (6th Cir.2000)) (emphasis in *Begala* omitted).

Lastly, the Court wishes to reiterate that "[a party] cannot expect a trial court to do his homework for him. … Rather, [parties have] an affirmative responsibility to put [their]… best foot forward in an effort to present a legal theory that will support [their]… claim." *Cruz–Báez, et als. v. Negrón–Irizarry*, 220 F.Supp.2d 77, 79 n. 3 (D.P.R. 2002) (citing *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22-23 (1st Cir.1991)) (internal citations omitted). The Court shall issue judgment pursuant to the instant *Omnibus Opinion and Order*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2018.

s/ Daniel R. Domínguez
DANIEL R. DOMÍNGUEZ
United States District Judge